### 57607, 57746. MARSHALL v. FULTON NATIONAL BANK; and vice versa.

MCMURRAY, Presiding Judge.

This is the second appearance before this court of this action for conversion of an automobile. The history of this case is adequately stated in the prior decision, *Marshall v. Fulton National Bank of Atlanta,* 145 Ga. App. 190 (243 SE2d 266). Since the earlier appeal the case has been tried

before a jury which returned a verdict in favor of defendant Fulton National Bank on plaintiff Roland Marshall's claim and a verdict in favor of the plaintiff on defendant's counterclaim, and made no monetary award to either party. From a judgment entered pursuant to the verdict plaintiff appeals, and defendant cross appeals. *Held:*

1. Plaintiff, contending that he is entitled to recover all cost of the prior appeal, enumerates as error the order of the trial court quashing a fi. fa. for court cost. The sum in controversy is the amount paid the clerk of the trial court for preparing and transmitting the record to the appellate court pursuant to Code Ann. § 24-2729 (Ga. L. 1963, p. 368). Code § 6-1704 provides that the appellant's attorney is responsible for cost in the appellate court, but if there is a judgment of reversal, appellant is entitled to judgment for the amount of such cost.

This is not the cost of preparing a transcript paid to the court reporter. In *Barnett v. Thomas,* 129 Ga. App. 583, 584 (200 SE2d 327), this court held that such cost includes the sum paid for preparation and transmittal of the record by the clerk of the trial court as well as the fee paid the court reporter for preparation of the transcript. However, in *Stone Mtn. Memorial Assn. v. Stone Mtn. Scenic R., Inc.,* 232 Ga. 92, 93 (2) (205 SE2d 293), the Supreme Court held that the cost of having a transcript prepared by the court reporter is an "expense of appeal" but not a "cost of appeal." That decision did not address the issue as to the costs paid the clerk of the trial court for preparation and transmittal of the transcript to the appellate court. Therefore, the language disapproving of the opinion in *Barnett v. Thomas,* 129 Ga. App. 583, supra, must be considered dicta insofar as the opinion relates to the sum paid the clerk of the trial court as costs for preparation and transmittal of the record; if in fact it could be held that this portion of *Barnett v. Thomas,* 129 Ga. App. 583, 584, supra, was disapproved by the Supreme Court.

Under the circumstances of the case sub judice, the trial court erred in quashing the fi. fa. for court costs involved in obtaining a successful revocation and reversal of the trial court in *Marshall v. Fulton Nat. Bank,* 145 Ga.

App. 190., supra. This enumeration of error is therefore meritorious.

2. Prior to the earlier appeal in this case the parties entered into a stipulation as to the issues to be determined in this action. This stipulation of issues was incorporated by reference in the pretrial order entered by the trial court. After the prior appeal of the case plaintiff filed an amended complaint and later filed a motion for leave to file an amended complaint with the same amended complaint attached. The motion for leave to amend was denied, and plaintiff's amended complaint was stricken in its entirety. Plaintiff now enumerates as error the refusal of the trial court to allow him to raise issues of usury under the provisions of 12 USCA § 86 by amendment of his complaint and to give a request to charge connected therewith.

Plaintiff contends that he was entitled to amend as a matter of right under provisions of Code Ann. § 81A-115 (a) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). Plaintiff argues that the effect of this court's reversal of the trial court in the prior appeal was to create a de novo situation, in effect, erasing the previous pretrial order so that plaintiff would be allowed as a matter of right to amend his complaint. In support of this contention plaintiff cites such cases as *Worley v. Travelers Indem. Co.,* 121 Ga. App. 179 (173 SE2d 248); *Glisson v. Bankers Health &c. Ins. Co.,* 64 Ga. App. 300 (13 SE2d 84); and *Sirmans v. C. & S. Nat. Bank,* 132 Ga. App. 894 (209 SE2d 697).

However, none of the above cases involved a situation in which a pretrial order had been issued under Code Ann. § 81A-116 (Ga. L. 1966, pp. 609, 628; 1967, pp. 226, 231; 1968, pp. 1104, 1106) controlling the subsequent course of the action which has not been modified. "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order." Code Ann. § 81A-115 (a), supra. Here a pretrial order had issued limiting the issues and controlling the subsequent course of the action. Furthermore, there was no timely motion filed to amend the pretrial order. See *Echols v. Bridges,* 239 Ga. 25, 27-28 (235 SE2d 535); *Gilbert v. Meason,* 145 Ga. App. 662, 663 (1) (244 SE2d

601); *Mullinax v. Shaw,* 143 Ga. App. 657, 661 (239 SE2d 547); *Cooper v. Rosser,* 232 Ga. 597, 598 (2) (207 SE2d 513). The trial court did not err in striking the amendment to the petition and in denying plaintiff's motion to amend thereby excluding the claim of usury. No charge on usury was required.

3. The only theory of liability left in the plaintiff's case on appeal is predicated on Code Ann. § 109A-9—505 (Ga. L. 1962, pp. 156, 424; since amended 1978, pp. 1081, 1132, effective July 1, 1978). This statute applies only where there is a security interest in consumer goods. During the trial defendant stipulated that the debtor had paid slightly more than 60% of the cash price on the note, which was designated by the defendant on said note as a "consumer note." However, defendant contends in arguing its motion for directed verdict that no evidence was presented that the automobile involved was "consumer goods." Goods are consumer goods if they are used or bought for use primarily for personal, family or household purposes. Code Ann. § 109A-9—109 (Ga. L. 1962, pp. 156, 388; since amended, 1978, pp. 1081, 1093, effective July 1, 1978). The evidence as to whether or not the automobile was consumer goods or was purchased for use in plaintiff's business is not clear and absolute although it is sufficient for the jury to make a determination either way. The evidence shows the plaintiff as a self-employed owner-operator of a child-care center while employed by Fulton County, Georgia, as a deputy marshal. He testified with regard to the "consumer note" used in the purchase of his personal automobile (a 1972 Ford Gran Torino) in which it was shown to be used on at least one family trip and that upon finding the automobile missing he reported it stolen (fall of 1976), later determined to have been repossessed by defendant. He also gave his opinion based upon his knowledge of automobiles as to its value ($3,000 to $3,200 and "at least $2,500"), having less than 35,000 on the odometer and in excellent condition at the time of repossession. His testimony further discloses that at the time of sale (March 15, 1978) it had a value of $1,500. He also testified as to his knowledge of rental values of automobiles and that in his opinion the rent on his

automobile would have been $15 per day for hire.

Other testimony disclosed the length of time between the seizure and the time of this case as the defendant held the automobile until it was sold following the opinion of this court in *Marshall v. Fulton Nat. Bank,* 145 Ga. App. 190, supra. No testimony was elicited as to whether or not the automobile was ever used in his private business or was used by him as a deputy marshal. Clearly the trial court was authorized to instruct the jury that unless it determined by a preponderance of the evidence "plaintiff, Roland C. Marshall, used or purchased the 1972 Ford automobile, which is the subject matter of this litigation, primarily for personal, family or household purposes . . . [your] . . . verdict must be for the defendant."

Based upon the above testimony, the trial court did not err in refusing to direct the verdict for the defendant as the evidence would have authorized the jury to have found from the evidence the automobile was "consumer goods." However, as the jury found for the defendant a determination may very well have been made that the automobile was not "consumer goods" or that the plaintiff failed to prove by a preponderance of the evidence that the same was used or purchased primarily for personal, family or household purposes as instructed by the trial court.

4. Plaintiff elected under Code Ann. § 109A-9—505, supra, to seek a recovery in conversion, that is, damages for the value of the automobile and its hire. Evidence as to the value of the automobile and for its hire with reference to rental value was offered. However, the trial court only instructed the jury with reference to plaintiff's action that it was for a tort in which plaintiff was seeking $2,500 general damages and $10,710 for hire. The trial court failed to fully instruct the jury why in a legal repossession case that under Code Ann. § 109A-9—505, supra, if the secured party having taken possession of the collateral on which the debtor has paid 60% of the cash value of consumer goods, the debtor may recover in conversion. A written request had been made for the court to charge as to the right of the plaintiff to recover value and the right to recover hire. The trial court failed to properly charge the jury as to conversion, that is, the measure of the damages

allowed as to the value of the motor vehicle at time of conversion and its hire (in this instance rental value per day from the day of conversion). See *O'Neill Mfg. Co. v. Woodley,* 118 Ga. 114 (44 SE 980); *Bank of Blakely v. Cobb,* 5 Ga. App. 289, 290-291 (63 SE 24); *Youngblood v. Ruis,* 96 Ga. App. 290, 291 (3, 4), 294 (99 SE2d 714). Compare *Wilson-Weesner-Wilkinson Co. v. Collier,* 62 Ga. App. 457 (2), (3), 460-461 (8 SE2d 171); *Ford Mtr. Credit Co. v. Milline,* 137 Ga. App. 585, 589 (2) (224 SE2d 437). It is always essential that the trial court charge the jury as to the measure of damages in this type of action, and a failure to do so is reversible error. *Mayor & Council of Wash. v. Harris,* 144 Ga. 102, 103 (2) (86 SE 220); *Mayor & Council of Americus v. Brightwell,* 90 Ga. App. 341 (3), 344 (82 SE2d 732).

5. Plaintiff also enumerates as errors the submission to the jury of the issue of whether or not the plaintiff owed defendant statutory attorney fees with reference to the collection of the note, and the direction of the verdict against him as to issues of exemplary damages and attorney fees as expenses of litigation sought by the plaintiff for the alleged bad faith of the defendant. The jury returned a verdict in favor of the plaintiff on defendant's counterclaim. Therefore any error in submitting the statutory attorney fee issue to the jury was harmless inasmuch as no judgment was returned as to the note. As to the main action, the jury did not find any general, special or nominal damages, hence any errors involved as to other damages (exemplary and attorney fees as expenses of litigation) were rendered harmless by the failure to award damages. General, special or nominal damages would have to be found in order for the jury to award exemplary damages and attorney fees as expenses of litigation for bad faith. See *Foy v. Edwards,* 118 Ga. App. 665 (2) (165 SE2d 176); *Reliford v. Central of Georgia Railroad Company,* 140 Ga. App. 782, 783-784 (4) (232 SE2d 129); *F. N. Roberts Corp. v. Sou. Bell Tel. & Tel. Co.,* 132 Ga. App. 800, 802 (2) (209 SE2d 138).

However, based on the error found in Division 4, a new trial will be necessary. As to the imposition of exemplary damages and attorney fees as expenses of litigation, see *Ford Mtr. Credit Co. v. Milline,* 137 Ga.

App. 585, 589-591 (3, 4), supra. The repossession here was not shown to be in bad faith as in *Ford Mtr. Credit Co. v. Spicer,* 144 Ga. App. 383 (241 SE2d 273) [vacated by order of the Supreme Court, s.c., 146 Ga. App. 800 (247 SE2d 535)] and cases cited therein.

The failure to sell the repossessed automobile within 90 days appears to have been the lack of knowledge of the law, and there was no evidence of bad faith on the part of the defendant in failing to sell the automobile repossessed within 90 days. However, on a retrial other evidence may appear.

There is no merit in any of these complaints.

6. The automobile was repossessed by the defendant on September 22, 1976. This action for conversion based upon an alleged illegal repossession was filed against the defendant on October 29, 1976. Attached to the pleadings was a letter dated September 28, 1976, by plaintiff's attorney to the defendant that unless the vehicle was immediately returned to Marshall, he would have no alternative but to proceed. Thereafter plaintiff's petition was twice amended prior to trial. On June 17, 1977, a stipulation of facts was entered by and between the parties which was filed on June 20, 1977. It recites therein that the defendant "has not sold the subject vehicle" as of the date of the stipulation.

Thereafter on June 21, 1977, following the stipulation of the issues as to whether or not the defendant had violated the Georgia Industrial Loan Act, had failed to comply with Code Ann. § 109A-9—505, supra, and whether plaintiff would be entitled to bad faith attorney fees; a pretrial order was entered based upon the stipulation of facts and issues, and "all further pleadings by any party were closed." The parties, during the trial have seemingly reduced the issue to whether or not the defendant had violated Code Ann. § 109A-9—505, supra, that is, if, in fact, the automobile was "consumer goods."

During the trial the defendant introduced in evidence the letter of counsel demanding the return of the automobile. Defendant contends that this amounted to an estoppel of plaintiff's claim of conversion by reason of the failure of the defendant to sell the automobile in accordance with Code Ann. § 109A-9—505, supra, as

plaintiff was demanding the car before the 90 days had expired. The issue of estoppel was never presented to the jury, and plaintiff sought to have this letter withdrawn "because it was on the point of estoppel." This occurred after plaintiff contends the defendant had argued estoppel to the jury, and defendant had withdrawn a request to charge as to estoppel. Absent a transcript of the argument, we have no way of determining whether or not estoppel was argued to the jury. See *Puckett v. Nettles,* 131 Ga. App. 3 (205 SE2d 28); *Webb v. Jones,* 221 Ga. 754, 755 (4) (146 SE2d 910); *Diana v. Monroe,* 132 Ga. App. 669, 672 (3) (209 SE2d 70). Inasmuch as no charge on estoppel was given to the jury and the letter in question was attached to the pleadings and was a part of the circumstances of the case, the trial court did not err in allowing the letter in evidence over objection that it was irrelevant and confusing to the jury. Under the circumstances, the trial court did not err in refusing to instruct the jury that they should not consider defendant's claim of estoppel inasmuch as a failure to charge on estoppel was sufficient to show the jury that no estoppel was in the case. No reversible error has been shown with reference to the enumerations of error as to admission in evidence of the letter, the alleged consideration by the jury of the defendant's claim of estoppel (the alleged argument of counsel for defendant) and the failure to instruct the jury that they should not consider defendant's claim of estoppel.

Having considered all of plaintiff's enumerations as well as the cross appeal in which defendant alleged error in the failure of the court to direct a verdict in defendant's favor on plaintiff's claim, we find no reversible error requiring a new trial except as to the court's failure to charge the law applicable as to plaintiff's right to recover for conversion.

*Judgment reversed in Case No. 57607; affirmed in Case No. 57746. Deen, C. J., and Shulman, J., concur.*

Submitted April 3, 1979 — Decided September 19, 1979 — Rehearing denied October 31, 1979 —

*Richard D. Ellenburg,* for appellant.
*W. Stanley Blackburn, Marion H. Allen, III, Thomas H. Edwards,* for appellee.