57607, 57746. MARSHALL v. FULTON NATIONAL BANK;
and vice versa.

McMURRAY, Presiding Judge.

This case involves a tort action (conversion) resulting from the foreclosure of a security interest in consumer goods.

The Uniform Commercial Code (Code Ann. § 109A-9—505 (Ga. L. 1962, pp. 156, 425, as revised by Ga. L. 1978, pp. 1081, 1132)) states that in cases involving consumer goods where the debtor has paid 60% of the cash price or 60% of the loan and has not renounced or modified his rights, compulsory disposition of the collateral is required within 90 days after the secured party takes possession, and the debtor may "at his option . . . recover in conversion . . ." if there is a failure to obey the statute.

In the case sub judice, a 1972 Ford Torino had been repossessed, compulsory disposition within 90 days did not occur, and the plaintiff brought an action for conversion under authority of Code Ann. § 109A-9—505, supra, seeking damages for the value of the automobile and hire.

The defendant in turn counterclaimed seeking the unpaid principal due on the note, interest, cost of collection and attorney fees.

This is the third appearance. See *Marshall v. Fulton Nat. Bank,* 145 Ga. App. 190 (243 SE2d 266); s.c. 152 Ga. App. 121 (262 SE2d 448). In *Marshall v. Fulton Nat. Bank,* 152 Ga. App. 121, 125 (4), supra, we reversed for the second time because in the last trial, the trial court failed to properly charge the jury as to conversion, merely charging the jury that plaintiff's action was for a tort in which he was seeking $2,500 general damages and $10,710 for hire. The trial court failed to instruct the jury that in a legal repossession case under the provisions of Code Ann. § 109A-9—505, supra, that if the secured party having taken possession of the collateral on which the debtor has paid 60% of the cash price of the consumer goods, the debtor may recover in conversion. A written request had been made for the court to charge as to this legal conversion as found in the Uniform Commercial Code (Code Ann. § 109A-9—505, supra), that is, the right of the plaintiff to recover value and the right to recover hire. The trial court simply did not charge as to this form of legal

conversion authorized by this statute. We were well aware that in cases where a plaintiff seeks damages, and the jury fails to return a verdict in his favor, the failure of the court to charge on the measure of damages is harmless error where there has been a jury verdict finding no liability. See *Brand v. Montega Corp.,* 233 Ga. 32, 33 (3) (209 SE2d 581); *Andrew v. Carithers,* 124 Ga. 515 (52 SE 653).

However, in *Fulton Nat. Bank v. Marshall,* 245 Ga. 745 (262 SE2d 61) (1980), the Supreme Court has reversed our decision in *Marshall v. Fulton Nat. Bank,* 152 Ga. App. 121, 125 (4), supra, wherein we held the trial court failed to properly charge on conversion, that is, the measure of damages which would be the value of the automobile plus the amount of the hire. Inasmuch as the jury had been instructed that they might find that neither party was entitled to recover from the other, and as such was the finding of the jury, the finding that the court had charged in this legal repossession case that plaintiff's action was for a tort, the failure to charge the measure of damages allowed as to the value of the motor vehicle at the time of its conversion and its hire (the rental value per day from the day of conversion) as shown by the evidence was held to be harmless error. The jury had not found that the defendant was liable to the plaintiff. Consequently, with this reversal, our finding, which would require a new trial as stated in Division 4 of our opinion, is rendered incorrect. Accordingly, our opinion in Division 4 of *Marshall v. Fulton Nat. Bank,* 152 Ga. App. 121, 125 (4), supra, as well as the judgment are vacated and set aside as to Case No. 57607.

But the Supreme Court, on certiorari, did not reverse our decision in any other instance. Accordingly, Divisions 1, 2, 3, 5 and 6 are reinstated, requiring a reversal in part as to the trial court's quashing of the fi. fa. for court costs as determined by this court in Division 1 of *Marshall v. Fulton Nat. Bank,* 152 Ga. App. 121, 122, supra. The affirmance in the cross appeal, Case No. 57746, also remains the same.

*Judgment reversed in part and affirmed in part in Case No. 57607; affirmed in Case No. 57746. Deen, C. J., and Shulman, J., concur.*

DECIDED JUNE 24, 1980.

*Richard D. Ellenburg,* for appellant.
*W. Stanley Blackburn, Marion H. Allen, III, Thomas H. Edwards,* for appellee.