A95A1470, A95A1471. HAYDEN et al. v. SIGARI et al.;
and vice versa.
(467 SE2d 590)

BLACKBURN, Judge.

Mike and Hooshang Sigari d/b/a Eagle Machine (the Sigaris), commenced the underlying action against A. J. Hayden and A. J. Hayden & Company (Hayden), seeking damages for breach of two partnership agreements for the manufacture and marketing of the MegaVend and Impulse coin-operated machines. Hayden counter-

claimed against the Sigaris for breach of the partnership agreements and wrongful dissolution thereof seeking, among other things, the return of his net capital contribution to the partnerships and a one-third share of net partnership profits as damages. After trial, judgment was entered upon the jury's verdict in favor of the Sigaris in the amount of $69,939; which was comprised of $8,428 actual damages, $60,551 attorney fees, and $960 for the costs of a court-appointed special master. Hayden's motion for j.n.o.v. or in the alternative for new trial was denied insofar as it sought to recover Hayden's net capital contributions and his one-third share of the profits; however, the trial court granted the motion for j.n.o.v. as to the jury's award of attorney fees to the Sigaris. Hayden appeals the trial court's denial of his motion for j.n.o.v. and the Sigaris cross-appeal the trial court's grant of Hayden's motion for j.n.o.v. as to the jury's award of attorney fees.

### Case No. A95A1470

1. Hayden enumerates that the trial court erred by ruling as a matter of law that he was not entitled to recover his net capital contributions to the parties' partnerships upon dissolution in contravention of the Uniform Partnership Act (UPA), OCGA § 14-8-1 et seq. In particular, Hayden correctly asserts that OCGA § 14-8-18 makes no distinction between capital (contributions treated as equity) and advances (contributions treated as a loan) in mandating that both such forms of contribution be returned to the partners upon dissolution; that OCGA § 14-8-40 sets out a statutory scheme for the distribution of partnership assets upon dissolution providing for the repayment of partner-provided advances and capital distributions pursuant to OCGA § 14-8-40 (1) and (2), respectively; and, citing *Arford v. Blalock*, 199 Ga. App. 434, 438 (405 SE2d 698) (1991) (cert. den.), aff'd sub nom., *Wilensky v. Blalock*, 262 Ga. 95 (414 SE2d 1) (1992), that OCGA § 14-8-38 allows innocent partners to share in future partnership profits in the event of wrongful dissolution. Noting that the foregoing sections of the UPA apply "subject to any agreement" between the partners, OCGA §§ 14-8-18 and 14-8-40, respectively, or "unless otherwise agreed by the partners," OCGA § 14-8-38, Hayden argues that the trial court was bound to apply them in his favor because the MegaVend and Impulse partnership agreements are without any "agreement to the contrary" with respect to distributions upon dissolution.

The above-cited authorities clearly provide that the right of a partner to the return of capital contributed to a partnership is subject to *any* contrary agreement between the partners. "Where, as here, the language of a statute is plain and does not lead to any absurd or impracticable consequences, the court simply construes it according to

its terms and conducts no further inquiry. *Diefenderfer v. Pierce*, 260 Ga. 426, 427 (396 SE2d 227) [(1990)]." *Samay v. Som*, 213 Ga. App. 812 (446 SE2d 230) (1994).

While neither of the partnership agreements made express provision for the disposition of partnership assets upon dissolution, in a section denominated "Equity and liability" both partnership agreements provided that "[a]ny equity and/or liability that *may* arise shall be shared equally as follows: A. J. Hayden 33.3%, Mike Sigari 33.3%, and Hooshang Sigari 33.3%." (Emphasis supplied.) Treated separately in another section entitled "Initiation," the agreements set out the start-up contributions the partners made to the partnerships. Hayden was called upon to provide seed money, and the Sigaris were to develop and manufacture the resulting machines. Reading these provisions together, we conclude, as the trial court did, that they limit returnable equity in the partnerships to profits realized upon the initial investments of the partners, but not more.

"The construction of a contract is a question of law for the court." OCGA § 13-2-1. However, "where the terms of a written instrument are ambiguous, its meaning should be left to the jury. [Cit.]" *Salvatori Corp. v. Rubin*, 159 Ga. App. 369, 371-372 (283 SE2d 326) (1981). While the trial court erred to the extent that it asked two expert witnesses to give their opinions as to how the partnership agreements should be interpreted legally, such error was harmless. In this regard, the transcript reveals that the trial court questioned each witness outside the presence of the jury and only to confirm conclusions it had already reached on the evidence. After applying the applicable rules of contract construction, we find no ambiguity in the instant circumstances. Accordingly, the trial court correctly construed the contract as a question of law for the court, and its ruling was proper.

2. In his second and third enumerations of error Hayden contends that the trial court erred by denying his motion for j.n.o.v. regarding his claims for the return of his capital contributions to the partnerships and one-third share of the profits therein.

" 'A directed verdict (and [j.]n.o.v.) is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, *demands* a certain verdict. OCGA § 9-11-50 (a) (b).' " (Citation omitted; emphasis in original.) *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268) (1990). The trial court properly ruled as a matter of law that Hayden was not entitled to the return of his capital contributions to the partnerships. See Division 1. The evidence did not demand a verdict for Hayden as to capital contributions, and the trial court properly denied the motion for j.n.o.v. in this regard.

Inasmuch as Hayden did not move for a directed verdict as to his entitlement to the return of his share of partnership profits, his motion for j.n.o.v. in this respect was not proper. Cf. *Marett v. Professional Ins. Careers*, 201 Ga. App. 178, 180 (410 SE2d 373) (1991). Accordingly, the trial court correctly denied Hayden's motion for j.n.o.v. regarding his claim to a portion of the partnership profits.

3. In his fourth and fifth enumerations Hayden contends that the trial court erred by denying his motion for new trial in that the verdict was contrary to the law and the evidence. He argues that he was entitled by law to the return of his capital contributions and profits and that the evidence was insufficient to support the jury's zero sum verdict for these alleged damages upon his counterclaim.

"When a case comes before this court, after the refusal of a new trial by the presiding judge, it comes not only with the presumption in favor of the verdict, but also stamped with the approval of the judge who tried the case, and where no prejudice or bias or corrupt means in reaching the verdict appear, an appellate court is extremely reluctant to set it aside as being excessive. [Cit.]" *Howard v. Howard*, 150 Ga. App. 213, 214 (257 SE2d 336) (1979). We have concluded that the trial court properly ruled as a matter of law that Hayden was not entitled to the return of his capital contributions to the partnerships. See Division 1. The trial court charged the jury that Hayden was entitled to a one-third share of partnership profits subject to setoff of such other amounts as it determined to be owing to the Sigaris pursuant to the trial court's instruction. Hayden did not object to the form of the verdict; as a consequence, we cannot now go behind it. *Evans v. Maiuro*, 170 Ga. App. 672, 673 (318 SE2d 69) (1984). If Hayden had been entitled to anything upon his counterclaim for capital contributions and one-third share of partnership profits, the jury must be presumed to have considered these and set them off against the award for the Sigaris. Id. Finding no legal error and evidence to support the jury's verdict, we conclude that the trial court did not abuse its discretion by denying Hayden's motion for new trial.

4. In his sixth enumeration of error Hayden contends that the trial court erred by asking his two expert witnesses to give their opinions as to the construction which should be given the partnership agreements. The transcript reveals that the trial court questioned each witness outside the presence of the jury to confirm conclusions it had already reached on the evidence. Further, Hayden requested that the trial court question the second expert witness and interposed no objection to the testimony of either. Assuming arguendo that the trial court erred in hearing the complained of testimony, in these circumstances there is no evidence of harm. In any event, inasmuch as Hayden did not object at trial to the testimony of which he now complains, he may not assert it for the first time on appeal. *Pope v.*

*Triangle Chem. Co.*, 157 Ga. App. 386 (277 SE2d 758) (1981). Accordingly, this enumeration of error is without merit.

5. In enumerations of error 7 through 10 Hayden contends that the trial court erred by failing to charge the jury as to OCGA §§ 14-8-18, 14-8-21 (a), 14-8-22, 14-8-24 and 14-8-26. Hayden may not complain of the trial court's failure to charge with respect to OCGA § 14-8-22 due to his failure to timely object thereto before the jury returned its verdict. OCGA § 5-5-24 (a).

Hayden properly preserved claims of error with respect to the trial court's failure to charge OCGA §§ 14-8-18 (1) and 14-8-21 (a), that generally provide the statutory basis upon which a partner's capital contributions and profits may be returned. However, the trial court's failure to give the requested charges on these Code sections was not error. A requested charge should be given "only where it embraces a correct and complete principle of law which has not been included in the general instructions given and where the request is pertinent and adjusted to the facts of the case." *Gates v. Southern R. Co.*, 118 Ga. App. 201, 204 (162 SE2d 893) (1968). Neither should a jury charge be given which is inapplicable to the facts. *Todd v. State*, 149 Ga. App. 574, 575 (254 SE2d 894) (1979). We have concluded that Hayden was not entitled to the return of his capital contributions to the partnerships. See Divisions 1 through 3. The trial court charged the jury that Hayden was entitled to the return of his share of partnership profits, calculated to the date the lawsuit was filed or to the date of its verdict in the event the jury determined that the partnerships were wrongfully dissolved. Additional jury charges as to OCGA §§ 14-8-18 and 14-8-21 (a) would not have been pertinent or applicable, and the failure to charge thereon was not error.

Likewise it was not error that the trial court did not charge relative to OCGA §§ 14-8-24 and 14-8-26. Hayden argues that the trial court's failure to instruct in this regard foreclosed a jury award for damages upon the denial of his rights to partnership property as set out in these UPA sections. It is well settled, however, that where a party seeks damages, and the jury fails to return a verdict in its favor, the failure of the court to instruct on the measure of damages is harmless error in the event there has been a jury verdict finding no liability. *Marshall v. Fulton Nat. Bank*, 155 Ga. App. 51, 52 (270 SE2d 281) (1980). Assuming arguendo that the trial court's failure to charge OCGA §§ 14-8-24 and 14-8-26 was error, such error was harmless as the jury here failed to return a verdict for Hayden. Id.

6. In enumeration of error 11 Hayden contends that the trial court's charge with respect to the damages due him upon the dissolution of the partnership was error as it contained an erroneous statement of the law, confusion, and internal conflict. He argues that we should review the complained of charge, notwithstanding his failure

to object to the charge as given before the verdict was rendered. We disagree.

"A party may not complain of the giving or failure to give an instruction to the jury unless he objects to the instruction before the jury returns its verdict, stating distinctly his objection and the grounds of his objection. OCGA § 5-5-24 (a). ' "Failure to except before verdict generally results in a waiver of any defects in the charge (cit.), the exception under (OCGA § 5-5-24 (c)) applying only when there has been a substantial error which was blatantly apparent and prejudicial, and which resulted in a gross miscarriage of justice." ' *Durrett v. Farrar*, 130 Ga. App. 298, 306 (8) (203 SE2d 265) (1973) [overruled on other grounds, *Smith v. Telecable of Columbus*, 140 Ga. App. 755, 757 (232 SE2d 100) (1976)]; *Hunter v. Batton*, 160 Ga. App. 849 (1) (288 SE2d 244) (1982)." *Little v. Little*, 173 Ga. App. 116 (325 SE2d 624) (1984). We find no blatant or prejudicial error in the complained of charge. Accordingly, we conclude that this enumeration of error is without merit.

7. As his twelfth enumeration of error Hayden contends that the trial court erred in charging the jury that it could find that Hayden had "abandoned" the partnerships in that such charge was unsupported by the evidence and such a finding precluded an award of damages for the loss of profits associated with future business opportunities. Apart from a colloquy with the trial judge prior to the charging conference in which he agreed that a finding of abandonment would foreclose damages for lost future business opportunity, we are unable to find any other reference to the subject in the transcript. Hayden having failed to object to the charge and there being no blatant or prejudicial error in the complained of charge, we conclude this enumeration of error to be without merit.

8. As enumeration of error 13 Hayden contends that the trial court erred by failing to charge the jury as to his entitlement to recover prejudgment interest pursuant to OCGA § 7-4-16. OCGA § 7-4-16 is applicable only to obligations to pay for goods and services on a commercial account and is inapplicable to obligations to return money arising out of the termination of a business relationship. *Race, Inc. v. Wade Leasing*, 201 Ga. App. 340, 342 (411 SE2d 56) (1991). Inasmuch as Hayden sought the return of monies associated with the termination of a business relationship, he was not entitled to an instruction as to prejudgment interest, and the trial court did not err in failing to so charge the jury. Even had the trial court been obligated to give a prejudgment interest instruction, it would not have been more than harmless error not to do so as the jury awarded no damages to Hayden. See *Marshall,* supra. Accordingly, this enumeration of error is without merit.

9. In light of our disposition of Divisions 1 through 8, we do not

address Hayden's remaining enumerations of error.

### Case No. A95A1471

10. In this cross-appeal the Sigaris enumerate that the trial court erred by granting Hayden's motion for j.n.o.v. with respect to the attorney fees awarded them by the jury pursuant to OCGA § 13-6-11 in that there is an evidentiary basis in the record upon which the jury could have found actionable bad faith in Hayden. We agree.

Although the evidence presented at trial was conflicting as to whether Hayden converted partnership funds to his personal use, there was evidence from which the jury could have concluded that Hayden made a partnership check numbered "109" payable to himself in the amount of $8,428 for other than a legitimate business expense. Hayden testified upon cross-examination that the check referenced a partnership vendor, Topping South, and that the check clearly reimbursed him for a business expense. Hayden, however, could not support the check by a receipt. Further, while the special master appointed to audit partnership funds found no misuse of funds, he did so noting that "M. Sigari disputes the claim that [the] check is to Topping South because Topping South is a foreign company and is typically paid by wire. Also, [M. Sigari] had a [letter] from Topping South which listed all payments received from MegaVend. No payments on this list corresponded to this amount." The trial court charged the jury that it could award attorney fees to either party upon finding that such party acted in bad faith, had been stubbornly litigious, or had caused the other party unnecessary trouble and expense.

"It is well established as the law of this state that every intentional tort invokes a species of bad faith and entitles a person so wronged to recover the expenses of litigation including attorney fees." *Carroll v. Johnson*, 144 Ga. App. 750, 752 (242 SE2d 296) (1978). Moreover, bad faith is a question for the jury to be determined from consideration of the facts and circumstances in the case. See *Hodges v. Youmans*, 129 Ga. App. 481, 483 (3) (200 SE2d 157) (1973). There was at least some evidence from which the jury could have found bad faith on Hayden's part. At Hayden's request, the parties mutually stipulated to attorney fees as reasonable. See *Citadel Corp. v. All-South Subcontractors*, 217 Ga. App. 736, 737 (458 SE2d 711) (1995) ("An award of attorney fees is unauthorized if [the Sigaris] failed to prove the actual costs of their attorneys and the reasonableness of those costs"). (Punctuation omitted.) See also *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815, 817 (285 SE2d 203) (1981) ("Generally, a party will proffer the opinion testimony of his present counsel as well as that of other attorneys in an effort to show what consti-

tutes a reasonable attorney fee in light of the litigation history of the case"). Further, since Hayden asked the trial court to place the stipulation before the jury, he cannot now complain that the trial court did so. *Peters v. Davis,* 214 Ga. App. 885, 888 (449 SE2d 624) (1994). Accordingly, the trial court's grant of Hayden's motion for j.n.o.v. was improper, and the trial court improperly struck that portion of the judgment awarding the Sigaris attorney fees as a result. See cf. *Powell v. Watson,* 190 Ga. App. 375, 376 (378 SE2d 867) (1989).

11. In light of our disposition of Division 10, we do not reach the Sigaris' remaining enumeration of error.

*Judgment affirmed in Case No. A95A1470. Judgment reversed in Case No. A95A1471. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 24, 1996 — 

*Spanos & Rochelle, Peter R. Spanos, Lisa M. Anbild,* for appellants.

*Eli J. Richardson,* for appellees.