480 P.2d 404

Hasbah CHARLEY, Sam Charley and Acey Charley, Plaintiffs-Appellants,

v.

RICO MOTOR COMPANY, a Corporation, and General Motors Acceptance Corporation, Defendants-Appellees.

No. 508.

Court of Appeals of New Mexico.
Jan. 15, 1971.

Robert Hilgendorf, Chinle, Ariz., Eric Treisman, Crownpoint, for plaintiffs-appellants.

Walter F. Wolf, Jr., Schuelke & Wolf, Gallup, for defendant-appellee Rico Motor Co.

## OPINION

SPIESS, Chief Judge.

This appeal presents questions of first impression relating to the Uniform Commercial Code.

On May 19, 1964, appellants purchased a pick-up truck from Rico Motor Company (appellee) at a purchase price of $3,089.35. The full amount of the purchase price was not paid at the time of sale. An advance, or down-payment of $1,061.35 was made by the appellants, which consisted of a trade-in of another vehicle and appellants' promissory note in the principal amount of $467.00 payable to the order of appellee. The unpaid balance of the purchase price was evidenced and secured by a retail installment contract (contract) which was payable in monthly installments.

In September, 1966, the vehicle became involved in an accident and was delivered by one of appellants to appellee for repair. The vehicle was repaired by appellee at a cost of $833.87. Appellants failed to make an October, 1966 installment payment, as required by the contract, and thereafter made no further payments thereon. Appellants also failed to pay in full either the promissory note given as part of the down-payment, or the cost of repair.

On December 6, 1966, appellee orally notified one of appellants that the vehicle would have to be sold, but gave no information as to the time or place of the proposed sale. Except as to orally notifying one of appellants of the proposed sale, no other notification, written or oral, was given by appellee to any of appellants. The trial court found that appellee had repossessed the vehicle as of December 6th, 1966.

It appears from the record that, at the time of the oral notification of the proposed sale of the vehicle, appellants had paid in excess of 60% of the cash price of the vehicle. The percentage of the cash price paid is pertinent under § 50A-9-505, N.M.S.A.1953, part 1, Rpl. Vol. 8, in fixing the method and time of sale.

On March 9, 1967, appellee sold the pick-up truck for $1,585.00. It is conceded that this sum represented the fair market value of the vehicle at material times.

So far as is revealed by the record, appellee made no accounting to appellants of the proceeds of sale prior to the institution of this action by appellants. Prior to the

suit appellee did not undertake to collect from appellants the cost of repair of the vehicle, the unpaid balance of the purchase price under the terms of the contract, or the unpaid balance of the down-payment note.

On February 25, 1969, appellants commenced this action against appellee for a recovery of damages allegedly resulting from violations of the provisions of the Uniform Commercial Code. The claimed violations consisted of appellee's failure to give notice to appellants of the time and place of the proposed sale (§ 50A–9–504(3), N.M.S.A.1953, part 1, Rpl. Vol. 8) and appellee's failure to sell the vehicle within ninety days after repossession as required by § 50A–9–505(1), N.M.S.A.1953, part 1, Rpl. Vol. 8, which provides:

"If the debtor has paid sixty per cent [60%] of the cash price in the case of a purchase money security interest in consumer goods or sixty per cent [60%] of the loan in the case of another security interest in consumer goods, and has not signed after default a statement renouncing or modifying his rights under this part a secured party who has taken possession of collateral must dispose of it under section 9–504 [50A–9–504] and if he fails to do so within ninety [90] days after he takes possession the debtor at his option may recover in conversion or under section 9–507(1) [50A–9–507(1)] on secured party's liability."

The trial court concluded that appellee had failed to comply with the provisions of the Code in the respects alleged by appellants, and that appellants were entitled to judgment in conversion (§ 50A–9–505(1), supra, or an award under § 50A–9–507(1), N.M.S.A.1953, part 1, Rpl. Vol. 8. Appellants elected to recover in conversion because, as they stated, the amount recoverable in conversion exceeded the amount which could be recovered under § 50A–9–507(1), supra.

As we read the record it appears that questions actually submitted to the trial court for decision involve the adjustment of accounts as between the parties. Upon appeal, it is urged that the trial court erred in applying debts owed by appellants to appellee against the amount of the judgment rendered in appellants' favor.

In computing the judgment, the trial court deducted $581.27, the unpaid balance owing on the contract from the sum of $1,585.00 (value of the vehicle), and awarded judgment for appellants in the sum of $1,003.75, with interest. The court then reduced this award by the amount of the repair bill, $833.87, which was apparently treated in the nature of a counterclaim, thus leaving a net judgment of $178.47. This amount was applied in reduction of the unpaid balance of the down-payment note which was the subject of a counterclaim filed by appellee with its answer. The final result was the judgment against appellants in the sum of $142.45.

Appellants do not question the trial court's action in deducting the unpaid balance owing on the contract from the value of the vehicle in arriving at the damages in conversion. Consequently, we will assume, but do not decide, that such deduction was proper. It is contended that the balance thereafter remaining, namely, the sum of $1,003.75, and interest, should have been paid to appellants without being further reduced.

The reduction of the judgment by the amount of the repair bill, $833.87, is challenged. Appellants further contend that the trial court erroneously applied the net amount of the judgment, $178.47, toward a cost of repair of the vehicle in preparation for its resale. The court did find that appellee had rightfully expended $216.57 in pre-sale repair. This sum, however, was not included in the judgment, and the omission has not been questioned on appeal. The net amount of the judgment, as we have stated, was applied in reduction of the judgment rendered on appellee's counterclaim, which asked judgment for the unpaid balance of the down-payment note.

■ It is first argued that the cost of repair of the vehicle, $833.87, was incurred before the vehicle was repossessed by appellee and was not secured by the contract; that § 50A–9–504(1), N.M.S.A.1953, part 1, Rpl. Vol. 8, in providing for the distribution of the proceeds of sale of collateral, does not authorize such payment, and the deduction of this amount from the judgment was improper.

In essence, the contention is that in this form of action an asserted claim or offset which involves matters other than those specified in § 50A–9–504(1), supra, cannot properly be entertained by the court.

It is undisputed that appellants were indebted to appellee in the amount of the repair bill. Although the Uniform Commercial Code, § 50A–9–505, supra, permits a recovery in conversion, the action is nevertheless a suit of a civil nature, and the effect upon litigants of the rules of Civil Procedure is not avoided. We see no language in § 50A–9–505, supra, or elsewhere in the Commercial Code, which would preclude the full exercise of the right to interpose counterclaims under Rule 13, § 21–1–1(13), N.M.S.A.1953, Rpl. Vol. 4.

It is also contended that appellee's failure to plead by counterclaim, or other permissible means, the right to recover the cost of repairs precluded the offset of such amount. Appellants correctly observe that the repair bill was not asserted as a counterclaim, or by other affirmative pleading. A number of authorities are cited by appellants holding that a counterclaim must be presented by an affirmative pleading before a defendant may have recovery against plaintiff. We have no quarrel with this general statement. In this case, however, a pre-trial conference was conducted by the court, which was followed by a pre-trial order; that order, with respect to the repair bill, provided:

"* * * Defendant Rico Motor Company contends that the proceeds of sale were properly applied to the remaining indebtedness under the retail installment contract and that the surplus was prop- erly applied to the outstanding repair charges. Defendant Rico Motor Company contends that the repair bill totalled $833.87, * * *"

Under Rule 16 of the Rules of Civil Procedure, § 21–1–1(16), N.M.S.A.1953, (Rpl. Vol. 4) relating to pre-trial procedure, it is expressly provided that the Court may make an order, which, when entered, shall control subsequent course of the action. See Transwestern Pipe Line Company v. Yandell, 69 N.M. 448, 367 P.2d 938 (1961). Appellants were aware that appellee's claimed right to set off the repair bill was an issue in the cause.

Matters pertaining to the repair bill were litigated without objection on appellants' part. The issue was likewise a subject of findings and conclusions requested by appellants. In our opinion, these circumstances cured the absence of a formal counterclaim if such pleading was required. See Conway v. San Miguel County Board of Education, 59 N.M. 242, 282 P.2d 719 (1955).

Appellants' further contention that the deduction of the amount of the repair bill was improper because the lien for repair had not been foreclosed is without merit, because appellants were nevertheless indebted to appellees in such amount. The indebtedness, as we have held, was a proper basis for offset against the judgment.

■ Appellants further appear to argue that since the trial court found the time price differential, plus 10% of the cash price of the vehicle, equaled $916.77, that § 50A–9–507(1), N.M.S.A.1953, (pt. 1, Rpl. Vol. 8), would become applicable if the deductions from the judgment in conversion are permissible, in that such deductions would have the effect of reducing the net recovery below $916.77, and this amount as a minimum recovery should then have been awarded without deduction. This statute provides:

"If it is established that the secured party is not proceeding in accordance with the provisions of this part disposition may be ordered or restrained on appro-

priate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this part. If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten per cent [10%] of the principal amount of the debt or the time price differential plus ten per cent [10%] of the cash price."

As we have stated, appellants elected to recover in conversion, rather than under this section. Had they, however, accepted a recovery under the quoted section, in our opinion the same offsets would have been available to appellee and the judgment could likewise have been applied against the amount found owing to appellee under the counterclaim. We see nothing in the language of § 50A–9–507(1), supra, which would preclude either offsets or the application of the judgment to amounts found due under a counterclaim.

As had been pointed out, appellants' actual recovery in conversion was $1,003.75 and interest, which exceeded the amount which would have been awarded under § 50A–9–507(1), supra.

Appellants further argue that they are entitled to multiple damages consisting of damages in conversion, § 50A–9–505(1), supra, and the minimum statutory amount under § 50A–9–507(1), supra. We will not consider this contention because it was not urged in the trial court. Dahl v. Turner, 80 N.M. 564, 458 P.2d 816 (Ct.App.1969), cert. denied 80 N.M. 608, 458 P.2d 860 (1969).

Appellants took the position in the trial court that they were not entitled to recover the statutory minimum because damages to which they were entitled in conversion exceeded such amount. It was not contended they were entitled to an allowance of damages both in conversion and the minimum statutory amount.

It follows that the judgment should be affirmed.

It is so ordered.

La FEL E. OMAN, Judge, Supreme Court, and HENDLEY, J., concur.