## 53390. ALLEN et al. v. JENTZEN et al.

McMURRAY, Judge.

Mrs. Janice T. Jentzen, while operating a motor vehicle belonging to her husband Thomas Jentzen, was involved in a collision with an automobile owned by Winford O. Allen, riding as a passenger in the right front seat, and being operated by his son, Michael Joe Allen. Mrs. Jentzen and both of the Allens suffered bodily injury resulting in hospitalization, medical expenses and lost earnings, as well as the destruction of the automobiles. Mrs. Jentzen sued Michael J. Allen and Winford O. Allen for personal injury, pain and suffering. Defendants answered, denying the claim and both counterclaimed seeking damages for personal injury, hospitalization, medical attention and lost wages. Winford O. Allen also sought damages for the loss of his automobile. Thomas Jentzen was added as a party plaintiff, and he filed an amendment seeking damages for loss of consortium and damages to his automobile.

A trial was held before a jury, resulting in a verdict and judgment in favor of Janice T. Jentzen in the sum of $10,000 and in favor of Thomas Jentzen in the sum of $6,000. An amended motion for new trial having been filed and overruled, defendants appeal. *Held:*

The enumerations of error involve the general grounds of the motion for new trial, as well as one involving a failure to charge and one involving an alleged error in charging the jury. Defendants have abandoned the enumeration of error involving the failure to charge and have lumped all of the other contentions of error in its argument by contending that this case involves the Georgia Motor Vehicle Accident Reparations Act (Ga. L. 1974, pp. 113, 123, as amended in 1975, p. 517; 1975, pp. 1202, 1208; 1976, pp. 642, 643; Code Ann. Ch. 56-34B), and that at the time of trial they had no knowledge that the plaintiff Mrs. Jentzen had been paid by her own insurance carrier as provided by Code Ann. § 56-3403b, as amended, supra. Following the verdict and judgment of the trial court counsel contends the insurance carrier for the defendant was notified by the plaintiff's insurance carrier that it had paid $2,901.35 in compliance with Code Ann. § 56-3403b, supra, for the plaintiff's (Mrs. Jentzen) medical expenses and lost earnings and that it expected to be reimbursed pursuant to provisions of that statute. It contends that because the plaintiff Mrs. Jentzen has been erroneously allowed to recover these items of special damages and as their insurance carrier must now pay the plaintiff's insurance carrier, the plaintiffs will be paying twice for the same item of damage. Defendants also argue that the court charged that the medical bills and lost earnings were legitimate items of damages for which plaintiff (Mrs. Jentzen) could recover although she had already received such payments from her own insurance carrier. Defendants also state that they did not object to the charge but that under Code Ann. § 70-207 (c) (Ga. L. 1968, pp. 1072, 1078), this court should consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not. See *Hollywood Baptist Church of Rome v. State Hwy. Dept.,* 114 Ga. App. 98, 99 (150 SE2d 271);

*Metropolitan Transit System, Inc. v. Barnette,* 115 Ga. App. 17 (1) (153 SE2d 656).

This court is one for the correction of errors of law only and not for the trial of issues of fact raised for the first time in this court. See Constitution of 1945, Art. VI, Sec. II, Par. VIII (Code Ann. § 2-3708); *H. W. Ivey Const. Co. v. Transamerica Ins. Co.,* 119 Ga. App. 794 (2) (168 SE2d 855); *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479, 480 (191 SE2d 298). True, the defendant's brief agrees that the case does involve the Georgia "no-fault" insurance law (Code Ann. §§ 56-3410b (a) (b); 56-3405b, supra), but this court has no way of knowing the true facts of the matter. Having considered the entire argument of defendants we must affirm.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

Submitted January 31, 1977 — Decided March 9, 1977.

*Harvey, Willard & Elliott, E. C. Harvey, Jr., J. W. Morgan,* for appellants.

*Ballard, Thigpen & Griffith, W. D. Ballard,* for appellees.