## 54778. MARSHALL v. FULTON NATIONAL BANK OF ATLANTA.

McMurray, Judge.

Plaintiff executed a note payable to defendant, a national banking association organized and existing pursuant to the National Bank Act (12 USCA § 21 et seq.). The note was for $1,600 as proceeds of the loan, $31.92 in credit life insurance, plus finance charge of $290.72 ($260.72 interest and loan fee of $30). It was to be paid in 24 monthly installments of $80.11. The finance charge under the note was computed under the rates provided in the Georgia Industrial Loan Act (Ga. L. 1955, pp. 431, 432, Code Ann. Ch. 25-3).

By reason of plaintiff's default, defendant accelerated the note to maturity and repossessed the automobile which plaintiff had pledged to secure his debt.

Plaintiff brought this action alleging an illegal conversion of the automobile. Defendant counterclaimed seeking the unpaid principal due on the note, interest, cost of collection and attorney fees. The case was submitted to the court on a stipulation of issues and facts. Judgment was entered in favor of defendant on both plaintiff's complaint and defendant's counterclaim. Plaintiff appeals. *Held:*

1. Plaintiff contends that because the defendant has failed to show on the face of the loan contract the amount of insurance for which a premium is charged, the loan contract is in violation of Code Ann. § 25-319 (Ga. L. 1955, pp. 431, 444), therefore, null and void, Code Ann. § 25-9903 (Ga. L. 1955, pp. 431, 444). The purpose of the Georgia Industrial Loan Act, supra, is to eliminate the abuses which grow from unregulated entities engaging in the small loan business. Banks are otherwise regulated and were expressly excluded from regulation by the Georgia Industrial Loan Act and are exempt from its provisions. See Code Ann. § 25-302 (Ga. L. 1955, pp. 431, 432), Code Ann. § 25-303 (Ga. L. 1955, pp. 431, 432), and Code Ann. § 25-305 (Ga. L. 1955, pp. 431, 438). This, of

course, does not affect the privilege of a national bank to charge the highest interest allowed by the laws of the state in which it is located. See 12 USCA § 85. This enumeration is without merit.

2. The automobile was repossessed on September 22, 1976. As of June 17, 1977, the date of the stipulation of facts, defendant had not disposed of the automobile. Plaintiff contends that because more than 90 days have passed since the repossession of the automobile and because he has paid more than 60 percent of the loan he may recover in conversion or under Code Ann. § 109A-9—507 (1) (Ga. L. 1962, pp. 156, 425) pursuant to the provisions of Code Ann. § 109A-9—505 (Ga. L. 1962, pp. 156, 424).

Defendant disputes plaintiff's contention that he has paid 60 percent of the loan. The difference of opinion arises from variations in the parties' method of calculating the percentage of the loan paid. The unpaid principal remaining was stipulated to be $656.94. To support its contentions the defendant has divided the remaining unpaid principal of $656.94 by $1,600, the sum identified on the face of the loan contract as the proceeds of the loan. The sum borrowed was greater than $1,600 as an additional sum was borrowed to pay the insurance premium and to pay the loan fee. The principal loan equals proceeds of the loan, $1,600, plus the insurance premium $31.92, plus the loan fee of $30. See *Consolidated Credit Corp. of Athens, Inc. v. Peppers,* 144 Ga. App. 401; *Robbins v. Welfare Fin. Corp.,* 95 Ga. App. 90 (96 SE2d 892). When $656.94 is divided by the principal amount of the loan $1,661.92, the remaining unpaid principal is shown to be less than 40 percent of the original principal, therefore, over 60 percent of the loan has been paid. Likewise, more than 60 percent of the total pay-back amount on the loan contract, $1,922.64, has been paid. Under either analysis more than 60 percent of the loan has been paid.

The trial court held that the remedies set forth by Code Ann. § 109A-9—505, supra, are not available to the plaintiff due to estoppel arising from the initiation of this action. Relative rights of debtor and creditor in the event of default under a secured transaction are governed by

Part 5, Default (UCC; Code Ann. Ch. 109A-9—5, Ga. L. 1962, p. 156 et seq.). The defendant having chosen to assert its right to take possession after default as allowed by Code Ann. § 109A-9—503 (Ga. L. 1962, pp. 156, 422) and more than 60 percent of the loan having been paid a duty arises on the part of the creditor to dispose of the collateral which has been repossessed as provided by Code Ann. § 109A-9—504 (Ga. L. 1962, pp. 156, 422). Defendant contends that it could not in good faith dispose of the collateral while the propriety of the repossession was being challenged and that action remained pending. On the contrary, good faith obligation of the defendant creditor was to comply with the mandatory provision of Code Ann. § 109A-9—505, supra. Here the defendant having failed to dispose of the collateral as required by Code § 109A-5—505, supra, the sanctions of that statute are applicable and the court erred in holding as a matter of law that plaintiff was not entitled to any recovery under the sanctions imposed by Code § 109A-9—505, supra.

3. The plaintiff's third enumeration raises for the first time the issue of whether the note is usurious and subject to penalties under the provisions of 12 USCA § 86. "This court is one for the correction of errors of law only and not for the trial of issues of fact raised for the first time in this court." *Allen v. Jentzen,* 141 Ga. App. 548, 550 (234 SE2d 136).

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

SUBMITTED OCTOBER 31, 1977 — DECIDED FEBRUARY 9, 1978 — REHEARING DENIED MARCH 8, 1978.

*Schultz & Roberts, Mark Jay Schultz, Peter R. Roberts,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Marion H. Allen, III,* for appellee.

*Kenneth G. Levin, Charles M. Baird, Jane E. Ferguson,* amicus curiae.

ON MOTION FOR REHEARING.

Plaintiff appellee continues to dispute that more than 60% of the cash price (in this instance the sum of

$1,600) has not been paid, by reason of its purchase money security interest in the consumer goods. Consequently, we go one step further in our computation to show clearly that more than 60% of the cash price of the purchase money security interest in the consumer goods has been paid. The principal amount of the loan equals the proceeds of the loan, $1,600, plus insurance premium, $31.92, plus loan fee of $30, for a sum of $1,661.92. The proceeds of the loan which is analogous to the cash purchase price is $1,600 and represents 96.27% of the principal amount of the loan. The stipulated principal remaining unpaid is $656.94. This figure contains pro rata amounts of the unpaid proceeds of the loan, insurance premium, and loan fee; 96.27% of $656.94 equals $632.44, or the proceeds of the loan which remains unpaid. The unpaid proceeds of the loan divided by the original proceeds of the loan, $1,600, shows us that 39.53% of the proceeds of the loan remain unpaid. Inversely, more than 60% of the proceeds of loan or analogous cash price has been paid.

It is suggested that our calculations result in an inconsistent treatment of transactions which are conducted under varying circumstances and that this conflicts with an intent that Code § 109A-9—505, supra, be applied uniformly to all transactions. We reply that when the mathematical calculations are properly made the result is consistent. Compare $656.94 divided by $1,661.92 relied upon in our original decision with $632.44 divided by $1,600 as utilized for demonstration purposes in this addendum.

*Motion for rehearing denied.*