### 34722. HILLIARD et al. v. HILLIARD.

HILL, Justice.

Henry Hilliard, Jr., was awarded custody of his son in the divorce proceedings between himself and the child's mother. Thereafter the father and son resided with the child's paternal grandparents for some 14 months, until the father remarried and established a separate residence. When the grandparents refused to relinquish physical custody of the child, the father brought this action for habeas corpus. The grandparents filed a counterclaim in which they alleged a change of condition since the original custody decree, as well as abandonment by the father of his child.

Finding that there were no grounds for termination of the father's parental rights and that there was no evidence that the father was unfit, the trial court ordered the child returned to the father. As between a parent and another person contesting child custody, the trial judge applied the correct tests. *Gazaway v. Brackett,* 241 Ga. 127, 129 (244 SE2d 238) (1978).

In the absence of a transcript, we will not assume that the evidence was insufficient to support the trial court's decision. The trial court did not err in failing to order the hearing transcribed. *Savage v. Savage,* 234 Ga. 853, 854-855 (218 SE2d 568) (1975); Code Ann. § 6-805(c)(j). Cf. Code Ann. § 50-127 (8). Code § 50-124 has reference to the pleadings and orders in habeas corpus cases and does not require that the trial judge order all habeas hearings to be reported and transcribed. See *Collard v. McCormick,* 162 Ga. 116, 119-120 (132 SE 757) (1926).

Although child custody decisions usually should be entered promptly, the right to custody of a child is not acquired by delay of the trial judge in rendering a decision

and thus there is no merit to the grandparents' contentions that the fact that the final order was not filed until six months after the evidentiary hearing created an equitable or prescriptive right to custody in themselves. See *Hiscock v. Hiscock,* 227 Ga. 329 (2) (180 SE2d 730) (1971); Code Ann. § 81A-158.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 23, 1979 — DECIDED APRIL 4, 1979.

*Robert M. Ray, Jr.,* for appellants.
*G. Terry Jackson,* for appellee.