## 60399. WILLIAMSON v. WILLIAMS.

BIRDSONG, Judge.

Trover. Williamson sued his ex-wife Williams to recover a camera with certain attachments which he claimed she had borrowed but refused to return. Williamson raises numerous errors all of which depend upon a consideration of a transcript. Williamson makes reference to a "reconstructed transcript." No such document is attached to the file in this court. Even if such a document were attached, we could not consider it for the reasons hereinafter discussed, and as appear in *Burns v. Barnes,* 154 Ga. App. 802 (270 SE2d 57).

"To comply with present statutory requirements the movant, where he fails to have filed a transcript of evidence, must comply with Code § 6-805 (g) either by producing the agreement of the parties that a transcript prepared from recollection is correct or, 'in case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review'. . . Where the evidence is not brought before this court by any of the methods provided in Code Ann. § 6-805 the judgment of the trial court on evidentiary matters cannot be reviewed. [Cits.]" *Burns v. Barnes,* supra.

Appellant has not presented this court even with the "reconstructed transcript." Moreover, there is no showing that either

the opposing party agreed with such a reconstruction, assuming there is one, or that in lieu of the agreement of opposing party, the trial court has agreed to such a reconstruction. Thus Williamson, appearing pro se, has failed to comply with the statutory requirements for presentation to this court of a reviewable record. There being no transcript included in the record on appeal, we must assume that the evidence was sufficient to support the judgment. *Hilliard v. Hilliard,* 243 Ga. 424 (254 SE2d 372); *Burns v. Barnes, supra.*

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED SEPTEMBER 8, 1980 — DECIDED OCTOBER 20, 1980.

Robert B. Williamson, Jr., *pro se.*
*William G. Posey,* for appellee.