## 40187. CITY COUNCIL OF ST. MARYS, GEORGIA et al. v. CRUMP.

HILL, Chief Justice.

Kenneth Crump owns St. Marys' Pizza and Package Shop in St. Marys, Georgia. In May 1982, at a time when he held a license to sell liquor and beer, his shop suffered fire damage causing a cessation of business. In September 1982, he applied for a continuance of his license. Because St. Marys' Alcoholic Beverage Ordinance provides in Section XI that such a license is forfeited upon a cessation of business unless the license holder makes application for a continuance within 30 days of the cessation, his application was denied. In November Crump applied for a renewal of his license. The City Council denied that application as well, on the theory that once the license was forfeited there was nothing to renew.

Crump then filed a petition for mandamus, asserting that Section 1 of the St. Marys Alcoholic Beverage Ordinance is unconstitutional under the state and federal due process and equal protection clauses and that it violates OCGA §§ 3-2-3 (Code Ann. § 5A-303); 3-3-2 (Code Ann. § 5A-502); 3-4-49 (Code Ann. § 5A-2312); and 50-13-18 (Code Ann. § 3A-119). After a hearing the trial court denied the complaint for mandamus; however, after a hearing on Crump's motion for new trial, the trial court reconsidered and granted the complaint for mandamus. The city appeals.

1. Crump argues that, as there is no transcript of the mandamus hearing, this appeal must be affirmed because we will not assume that the evidence was insufficient to support the trial court's decision. See *Hilliard v. Hilliard,* 243 Ga. 424 (254 SE2d 372) (1979). However, that rule is inapplicable here because this is not a case involving evidentiary issues; i.e., consideration of the enumeration of errors is not dependent on the transcript of evidence. See *Brown v. State,* 223 Ga. 540 (2) (156 SE2d 454) (1967). The only facts necessary for decision are set forth above and they appear in Crump's petition and are admitted in the City's answer.

2. Section XI of St. Marys Alcoholic Beverage Ordinance provides: "Any holder of any license hereunder who shall cease to operate the business and sale of the product or products authorized, shall automatically forfeit his or her license unless continuance of license is approved by the City Council because of circumstances such as fire loss, wind damage, etc., to the business. In such event, should the holder of the license wish to maintain the license without forfeiture, such license holder must apply to the Mayor and Council for a continuance of the license not later than thirty days after the license holder ceases to operate the business and sale of the product

or products authorized. The license holder shall state in his application for continuance the circumstances causing the cessation of the operation of the business and sale of the product or products authorized, and the Mayor and Council shall determine whether to continue the license." The second and third sentences were added by amendment in 1981. Crump argues that he was not given actual notice of the amendment and hence did not have notice of the 30-day time requirement. However, the license in effect at the time of the fire was issued after the 1981 amendment and thus it was clearly issued subject to the conditions and requirements of the amendment.

Moreover, Crump was charged with notice of the amendment. OCGA § 1-3-6 (Code Ann. § 102-105) provides that: "[T]he laws of this state are obligatory upon all the inhabitants thereof. Ignorance of the law excuses no one." This principle of law has been applied to municipal ordinances. *Central of Ga. R. Co. v. Bond,* 111 Ga. 13 (4) (36 SE 299) (1900).

Crump argues that due process requires that he be afforded a hearing before the decision revoking his license is made. However, Crump's license was revoked not by a decision to revoke but by operation of law by his ceasing to do business. Due process does not require that the City give notice to licensees after they cease doing business or cease selling alcoholic beverages that they have 30 days in which to apply for a revival of their licenses.

We conclude that Crump has not been denied due process and he makes no equal protection argument on appeal.

3. Crump argues that OCGA §§ 3-2-3 (1) (Code Ann. § 5A-303), 50-13-18 (c) (Code Ann. § 3A-119), provide that the Revenue Commissioner cannot cancel or revoke a state license without notice and hearing, that OCGA § 3-4-49 (a) (Code Ann. § 5A-2312) permits municipalities to adopt reasonable rules and regulations "consistent with this title," and that the St. Marys ordinance is not consistent with Title 3 because it permits cancellation without notice and hearing.

We note first that OCGA § 3-2-3 (1) (Code Ann. § 5A-303), supra, requires that the Revenue Commissioner afford the licensee a hearing as provided in the Administrative Procedure Act, OCGA § 50-13-1 et seq. (Code Ann. § 3A-101 et seq.), and that subparagraph (2) of OCGA § 50-13-18 (c) (Code Ann. § 3A-119), supra, provides that no hearing is required where revocation of license is expressly required by statute (here an ordinance) to be made without the right of a hearing.

Moreover, OCGA § 3-3-2 (Code Ann. § 5A-502), also relied upon by Crump, provides in subsection (b) (2) (3) that decisions of governing authorities revoking licenses shall be in writing delivered

to the licensee, and that upon timely application an "applicant aggrieved by the decision of the governing authority regarding a permit or license shall be afforded a hearing. . . ." Thus, OCGA § 3-3-2 (Code Ann. § 5A-502) provides that the decision to revoke may precede the hearing.

In view of the foregoing, we find nothing in Section XI of the ordinance "inconsistent" with Title 3 (Code Ann. Title 5A). Additionally and again, Section XI provides for automatic loss of license upon cessation of business and hence the license here was revoked by the ordinance and the cessation of business, not by a "decision" of the governing authority.

Because the ordinance is not invalid for any reason assigned, the trial court erred in granting the petition for mandamus.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 1, 1983.

*Stein & Henderson, James E. Stein,* for appellants.
*Land & Coulter, Grayson P. Lane,* for appellee.