No. 55,064

Elaine Hicks Kelley, *Appellant*, v. Commercial National Bank, *Appellee*.

(678 P.2d 620)

Opinion filed March 24, 1984.

*Keith C. Sevedge,* of Scott and Daily, Chartered, of Kansas City, argued the

cause, and *Kris L. Arnold,* of the same firm, was with him on the brief for the appellant.

*Richard T. Merker,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause, and *Leonard J. Schapker,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

LOCKETT, J.: Elaine Hicks Kelley, plaintiff, appeals from a summary judgment in favor of Commercial National Bank (Commercial). Commercial cross-appeals on the denial of a deficiency judgment against the plaintiff.

In February, 1980, the plaintiff, Elaine Hicks Kelley, purchased a new 1980 Toyota Corolla. A note for $7,836.48 was executed by Kelley. The note was subsequently assigned to Commercial. Under the terms of the note, Kelley was to insure the car. Kelley allowed the collision insurance on the car to expire. Kelley maintains she never received notice the insurance was terminated. Commercial did receive notice and failed to apprise her of it.

In June, 1981, after the insurance had expired, Kelley was involved in an automobile accident while driving the Toyota. The car was towed to Clete's Auto Body (Clete's) at the direction of Kelley's husband, and repaired at a cost of $3,156.70. Kelley informed Clete's the car was uninsured and she could not pay for the repairs. Clete's notified Commercial it had possession of an uninsured vehicle. Clete's asserted its mechanic's lien on the vehicle for repairs performed. The car would be sold by Clete's to satisfy the lien unless Commercial paid for the repairs. November 4, 1981, Commercial paid Clete's $3,156.70 and took possession of the car pursuant to its security agreement. December 14, 1981, Commercial notified Kelley it intended to sell the car if she did not redeem it. Kelley retained counsel who responded by letter December 23, 1981, requesting Commercial not sell the car until the parties had an opportunity to negotiate a settlement.

The discussions were not fruitful. On February 10, 1982, Kelley filed this action. Kelley claimed Commercial (1) wrongfully repossessed the automobile, and (2) was negligent in failing to protect its security interest in plaintiff's car after receiving notice of the lapse of collision insurance coverage. The petition was entitled "Petition for Damages and Injunctive Relief." Kelley prayed for recovery of actual damages, punitive damages,

certain statutory penalties, costs, attorney's fees, and for such other relief as may be just.

In a letter dated March 17, 1982, Kelley's attorney proposed a settlement which included the immediate return of the car to Kelley. The offer was not accepted. May 7, 1982, Commercial filed a motion requesting the court to allow it to sell the automobile. After a hearing on June 11, 1982, the court filed its order July 13, 1982, permitting the car to be sold. The order contained this statement: "That defendant may proceed to sell the 1980 Toyota Corolla but that by sustaining defendant's motion, the court is not effecting in any way the claim of plaintiff that defendant has, prior to this date failed to proceed according to Article 9 of the Uniform Commercial Code." Commercial sold the car on August 16, 1982. After the sale, the balance remaining on the loan was $136.31 plus interest, plus the $3,156.70 the bank had advanced for the repairs.

Commercial and Kelley filed motions for summary judgment. Kelley argued Commercial failed to resell the car within the 90-day limit prescribed in K.S.A. 84-9-505(1). The trial court heard arguments on October 1, 1982, and filed a journal entry on October 15, 1982. The trial court sustained Commercial's motion finding Kelley was in default on the note for failing to keep the insurance in effect and Commercial had the right to repossess the car. The court granted Commercial judgment for $3,156.70 (the amount for repairs), but denied judgment for the balance of $136.31 due on the note after sale of the car.

Kelley appeals the court's failure to find a violation of K.S.A. 84-9-505(1), and failure to award the statutory penalty provided by K.S.A. 84-9-507(1). Commercial cross-appeals the trial court's denial of its claim for the deficiency of $136.31.

Kelley claims Commercial violated K.S.A. 84-9-505(1), which provides:

"If the debtor has paid sixty percent (60%) of the cash price in the case of a purchase money security interest in consumer goods or sixty percent (60%) of the loan in the case of another security interest in consumer goods, and has not signed after default a statement renouncing or modifying his rights under this part a secured party who has taken possession of collateral must dispose of it under section 84-9-504 and if he fails to do so within ninety (90) days after he takes possession the debtor at his option may recover in conversion or under section 84-9-507(1) on secured party's liability."

Where 60% of the cash sales price in the case of a purchase

money security interest in consumer goods or 60% of the loan in the case of a security interest has been paid, a secured party in possession may not, after default, retain the collateral in satisfaction of the obligation. K.S.A. 84-9-505(1) provides protection to the debtor who has purchased consumer goods and has built up substantial equity in the goods by requiring the creditor to sell the goods within 90 days. Such a swift resale is intended to result in a greater sale price and a surplus above that which the debtor owes on the goods. Unless the defaulting party has signed a statement renouncing or modifying his rights, a secured party who has taken possession of the collateral must dispose of the collateral within 90 days.

Kelley argues Commercial violated K.S.A. 84-9-505(1) by failing to dispose of the car within 90 days after taking possession on November 4, 1981. The car was not sold by Commercial until August 16, 1982. K.S.A. 84-9-507(1) states the penalty for violation of K.S.A. 84-9-505(1) as follows:

"If it is established that the secured party is not proceeding in accordance with the provisions of this part disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this part. If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten percent of the principal amount of the debt or the time price differential plus ten percent of the cash price."

Kelley calculates the penalty at $2,565.39. See *Charley v. Rico Motor Company*, 82 N.M. 290, 480 P.2d 404 (Ct. App. 1971); *Crosby v. Basin Motor Company*, 83 N.M. 77, 488 P.2d 127 (Ct. App. 1971).

Commercial contends the letter sent by Kelley's counsel December 23, 1981, constitutes a statement renouncing or modifying Kelley's rights under K.S.A. 84-9-505(1). The letter, in part, stated:

"I would appreciate your either returning the vehicle to the Hicks' or contacting LaVone Daily or myself at the above listed number to discuss this matter. In any event, we would appreciate your not taking any action to sell the above listed vehicle until we have had an opportunity to discuss this situation with you, since it is our opinion that you have not complied with the applicable Kansas statutory provisions for the repossession and default sale in this case."

The letter does modify Kelley's rights, but to what extent? Kelley only requested that the vehicle not be sold until the parties had an opportunity to discuss the situation. Kelley filed this action February 10, 1982, thereby notifying Commercial she was no longer in a talking mood.

Kelley claims the filing of her suit was not a renouncement or modification of her rights under K.S.A. 84-9-505(1). Kelley's petition was entitled "Petition for Damages and Injunctive Relief," but the petition did not specifically include a request that the defendant not sell the vehicle. Kelley cites the case of *Marshall v. Fulton Nat. Bank*, 145 Ga. App. 190, 243 S.E.2d 266 (1978). There plaintiff executed a note payable to defendant bank. Plaintiff defaulted after paying more than 60% of the loan; defendant accelerated the note to maturity and repossessed the automobile pledged as security. Plaintiff brought an action alleging an illegal conversion of the automobile. Plaintiff claimed defendant failed to sell the automobile within 90 days after repossession as required by the Code. The trial court held that the penalty provision of the Code was not available to plaintiff due to estoppel arising from the initiation of the action. The Court of Appeals of Georgia held the repossessing creditor had to comply with the ninety-day limitation of Ga. Code Ann. § 109A-9—505 [now Ga. Code Ann. tit. 11, § 9-505 (Michie 1982)], even though an action challenging the propriety of the repossession had been filed and was still pending. 145 Ga. App. at 192. The mere filing of a suit by a defaulting debtor is not a renouncement or modification of his rights under K.S.A. 84-9-505(1). The filing of the suit does not relieve the secured party who has taken possession of the goods from disposing of the goods as required by K.S.A. 84-9-505(1). It is the nature of the relief requested by the defaulting party in his suit that determines whether or not the defaulting party has renounced or modified his rights.

Commercial also points to a letter dated March 17, 1982, from the plaintiff's counsel proposing a settlement. That letter, in part, stated:

"My client would consider a settlement offer along the lines of (1) an immediate return of the automobile to her, (2) the bank pays the repair bill and (3) the bank pays her accrued attorney fees. If you are interested, please contact me and I will advise you what Mrs. Kelley's accrued attorney fees are."

Commercial argues Kelley, pursuant to K.S.A. 84-9-505(1), was

renouncing or modifying her rights. Was the letter merely an offer for settlement? Was there a clear renunciation or modification of the plaintiff's statutory rights under K.S.A. 84-9-505(1)? The offer made would permit the defendant to return the car to the plaintiff as part of a settlement agreement.

After Commercial had repossessed Kelley's car November 4, 1981, the trial court noted Kelley gave three indications of her desires:

(1) December 23, 1981, in a letter to Commercial, she requested return of the vehicle and asked Commercial not to take any action to sell the vehicle until the parties had discussed settlement.

(2) February 10, 1982, Kelley filed her petition for damages and injunctive relief requesting just and equitable relief.

(3) March 17, 1982, Kelley's attorney's letter offered settlement if there was an immediate return of the automobile and other specified relief.

The trial court determined under K.S.A. 84-9-505(1) Kelley had signed a statement renouncing or modifying her rights. After Kelley's renouncing or modifying her rights, Commercial was not required to dispose of the car within the 90-day limitation. Therefore, Commercial was not subject to liability under K.S.A. 84-9-507 for its failure to sell the car within 90 days after repossession. We agree with the findings of the trial court that Kelley had renounced or modified her rights and Commercial was not required to sell the car within 90 days of repossession.

Commercial cross-appealed the trial court's refusal to grant a deficiency judgment against Kelley. Commercial claims it is entitled to the deficiency of $136.31 due on the note.

If Commercial violated K.S.A. 84-9-505(1) it is not permitted to recover any deficiency. Under K.S.A. 16a-5-103 a consumer is not liable for a deficiency judgment as a matter of law unless the repossessed creditor has disposed of the goods in good faith and in a commercially reasonable manner. *Westgate State Bank v. Clark*, 231 Kan. 81, 85, 642 P.2d 961 (1982). K.S.A. 16a-5-103(1) provides:

"This section applies to a deficiency on a consumer credit sale of goods or services and on a consumer loan in which the lender is subject to defenses arising from sales (section 16a-3-405); a consumer is not liable for a deficiency unless the creditor has disposed of the goods in good faith and in a commercially reasonable manner."

The Kansas Comment, 1973, No. 3, to the statute, states:

"Under subsection (1) the creditor's right to a deficiency judgment may be snuffed out if he fails to comply with the default provisions of UCC article 9 or with the requirements of article 5 of this act in disposing of the collateral."

Where there is a default in a secured transaction, the rights of the creditor and debtor are controlled by K.S.A. 84-9-501 *et seq.* Such rights may be changed by the Uniform Consumer Credit Code; K.S.A. 84-9-203(4) states a transaction subject to the Uniform Commercial Code may also be subject to the UCCC. Where provisions of the UCC and the UCCC conflict, the provisions of the UCCC shall control.

Where a secured creditor brings an action for a deficiency judgment after a sale of the collateral, the burden of proof as to the commercial reasonableness of the sale is on the creditor. Whether or not a sale of collateral by a secured creditor was conducted in a commercially reasonable manner is a question of fact to be determined by the trier of fact. *Westgate State Bank v. Clark*, 231 Kan. 81. The trial court determined that Commercial had proceeded in a commercially reasonable fashion and thereby was entitled to the deficiency. However, it further determined that Kelley's insurance company bore the responsibility and should pay the deficiency even though not a party to the action. Such logic is incorrect. Where a creditor has proceeded under the UCC in a commercially reasonable fashion in the repossession and sale of a debtor's automobile, the creditor is entitled to recover from the debtor any deficiency balance remaining on the installment note after the sale.

The trial court is affirmed as to the summary judgment against Kelley, and reversed and instructed to enter judgment on Commercial's counterclaim against Kelley for $136.31.

The judgment is affirmed in part and reversed in part.