## 70374. SUNN v. TROPHY MARINE, INC.
### (334 SE2d 884)

POPE, Judge.

Appellant Joseph C. Sunn brought this action pro se against appellee Trophy Marine, Inc., asserting a variety of claims arising out of his purchase of a single axle boat trailer from appellee. Appellee answered denying any liability and later amended its answer asserting a claim for attorney fees on the ground that appellant "has been stubborn and litigious in this matter, and that he is guilty of bad faith in the underlying transaction, and has caused [appellee] unnecessary expense through having to hire an attorney at law to defend itself against [appellant's] bad faith claims. . . ." The jury returned a verdict of $600 in favor of appellee, and, following the entry of judgment thereon and the denial of several post-trial motions, appellant brought this appeal pro se.

1. As a preliminary matter, appellant has moved this court for an order directing the trial court reporter to allow him to obtain a transcript of the trial. Appellant supports his motion solely by asserting facts not in the record on appeal. "The Court of Appeals is a court for the correction of errors of law only, and has no jurisdiction to hear

evidence aliunde the record or to decide disputed issues of fact." *Jones v. Smith,* 83 Ga. App. 798 (1) (65 SE2d 188) (1951); see *Allen v. Jentzen,* 141 Ga. App. 548, 550 (234 SE2d 136) (1977). Accordingly, appellant's motion is denied.

2. Appellant's first enumeration of error challenges the trial court's "allowing appellee . . . to amend its answer and include a claim for attorney fee[s] in the pretrial order filed two weeks before date of trial." However, there is no indication in the record that this challenge to appellee's amended answer was ever presented to the trial court for resolution. See generally OCGA §§ 9-11-7 and 9-11-12. Appellant's failure to address this matter to the court below precludes our consideration of it for the first time on appeal. See *Ellis v. Cameron & Barkley Co.,* 171 Ga. App. 211 (4) (319 SE2d 38) (1984); *Jordan v. Atlanta Neighborhood Housing Svcs.,* 169 Ga. App. 600 (2) (313 SE2d 787) (1984).

Although for the foregoing reasons we are without jurisdiction to entertain the merits of appellant's first enumeration, we would like to point out that appellant is correct in his assertion (made in argument in support of this enumeration) that attorney fees, such as those which comprise the verdict and judgment in favor of appellee, are generally not recoverable by a party defendant in a case such as the one at bar. See *Ballenger Corp. v. Dresco Mechanical Contractors,* 156 Ga. App. 425, 430-32 (274 SE2d 786) (1980). Unfortunately for appellant, he has provided us with no vehicle by which we might address the merits of this argument. That is, none of appellant's thirteen enumerated errors challenges the correctness of the verdict and judgment in this case. See *Eunice v. Citicorp Homeowners,* 167 Ga. App. 335 (3) (306 SE2d 395) (1983). Compare *Hickman v. Frazier,* 128 Ga. App. 552 (2) (197 SE2d 441) (1973). This court has no jurisdiction to consider grounds which though argued are not enumerated as error according to OCGA § 5-6-40. *Calhoun v. Patrick,* 116 Ga. App. 303 (157 SE2d 31) (1967); see *Jones v. First Nat. Bank of Atlanta,* 147 Ga. App. 441 (249 SE2d 154) (1978); *Phelps v. State,* 130 Ga. App. 344 (3) (203 SE2d 320) (1973). See also *Lee v. State,* 226 Ga. 162 (3) (173 SE2d 209) (1970), vacated on other grounds, *Sullivan v. State,* 229 Ga. 731 (194 SE2d 410) (1972).

3. There is no merit to appellant's assertion in his twelfth enumeration of error that the senior judge who, by appointment, presided in the trial in this case was "without jurisdiction" to do so. See generally OCGA § 15-1-9.1. Thus, the trial court did not err in denying appellant's motion to set aside based upon this ground.

4. Appellant's remaining enumerations of error "require a transcript of the trial for a determination of their merits. The transcript of the trial not having been filed and transmitted to this court, there is no question presented by [these enumerations] upon which this

court can pass." *Dunaway v. Beam*, 129 Ga. App. 220, 221 (199 SE2d 395) (1973). See also *Savage v. Savage*, 234 Ga. 853 (218 SE2d 568) (1975); *Williamson v. Williams*, 156 Ga. App. 154 (274 SE2d 136) (1980).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 5, 1985 —
REHEARING DENIED SEPTEMBER 18, 1985 —

Joseph C. Sunn, *pro se.*
*Sidney L. Nation*, for appellee.