A89A1564. HARRIS et al. v. BOYD et al.
(388 SE2d 60)

BENHAM, Judge.

This is an appeal from the grant of summary judgment in favor of appellees. Shortly after his wife was killed in a train accident, appellant Richard Harris settled his claim against the railroad for her wrongful death for $30,000, and gave the money to his mother, appel-

lant Jackie Harris. Appellees, the guardian and next friend of the decedent's minor child, sued Richard Harris and, by amendment, his mother, to recover one-half of the settlement proceeds. Contending that an agent of the railroad represented to Mr. Harris that he was settling only his portion of the wrongful death claim and not the claim of his wife's minor child, appellants filed a third-party action alleging fraud against the railroad.

1. In their first enumeration of error, appellants contend that the trial court erred in granting summary judgment to appellees. Summary judgment is appropriate where "the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." OCGA § 9-11-56 (c). Appellants responded to appellees' motion for summary judgment with affidavits which merely set forth the alleged fraud perpetrated by the railroad. While those facts may be relevant to the third-party action between appellants and the railroad, they are not relevant to the issue in the main action, which is whether the decedent's child is entitled to one-half of the settlement proceeds pursuant to OCGA § 51-4-2 (d) (1). In responding to a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial." OCGA § 9-11-56 (e). See also *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (1) (366 SE2d 223) (1988).

Although we find no error in the trial court's conclusion that there were no genuine issues of material fact for trial, summary judgment is not proper unless the moving party is entitled to a judgment as a matter of law. It is undisputed that Mr. Harris received $30,000 for the wrongful death of his wife and gave the money to his mother. Appellants' contention that Mr. Harris settled only his portion of the wrongful death claim and not the child's claim is defective in that it assumes that the child has a separate cause of action for the wrongful death of his mother. However, the legislature gave the cause of action for the wrongful death of a spouse exclusively to the surviving spouse (OCGA § 51-4-2 (a)), and the children of the deceased have only a right to share in any amount recovered by the surviving spouse. OCGA § 51-4-2 (d) (1). Thus, Mr. Harris was the only possible plaintiff and was expressly authorized by statute to "release the alleged wrongdoer without the concurrence of the child or children or any representative thereof and without any order of court. . . ." OCGA § 51-4-2 (c); *Morris v. Clark*, 189 Ga. App. 228 (2) (375 SE2d 616) (1988). Since the statute provides for only one cause of action, which is in the surviving spouse, and that surviving spouse has a duty to hold the amount recovered as if it were personal property descending

from the decedent to the surviving spouse and the children, the trial court did not err in concluding that appellees were entitled to a judgment as a matter of law against Richard Harris or in applying OCGA § 51-4-2, as contended in appellants' third enumeration of error.

However, we do not find that appellees have set forth any legal theory under which they are entitled to a judgment as a matter of law against appellant Jackie Harris, who had no such statutory duty, and we reverse the trial court's grant of summary judgment against Jackie Harris.

2. Appellants contend that the application of OCGA § 51-4-2 denies Richard Harris due process by making him a fiduciary of the decedent's child without notice and an opportunity to be heard. The gravemen of appellants' argument is that Richard Harris had no knowledge of OCGA § 51-4-2 or his duty to share the proceeds of the wrongful death recovery with the decedent's child. However, appellant was charged with notice of the statute. "OCGA § 1-3-6 provides that: '(T)he laws of this state are obligatory upon all the inhabitants thereof. Ignorance of the law excuses no one.' " *City Council of St. Marys v. Crump*, 251 Ga. 594 (2) (308 SE2d 180) (1983). Due process does not require that a surviving spouse be given notice of his statutory duty to share the proceeds from a wrongful death recovery with the decedent's children. See *City Council of St. Marys*, supra; *Hale v. State*, 188 Ga. App. 524 (1) (373 SE2d 250) (1988).

3. Appellants enumerate as error the trial court's grant of summary judgment prior to deciding the issues raised in the third-party complaint. There is no requirement that a trial court decide a third-party action before ruling on the main action. "[J]urisdiction over a third-party direct damage claim is not destroyed if the original action is settled or disposed of in some fashion before adjudication of such claim; but the court, in the exercise of its discretion, either may proceed with the claim or dismiss it. [Cit.]" *Cohen v. McLaughlin*, 250 Ga. 661 (3) (301 SE2d 37) (1983). The trial court did not err in granting summary judgment prior to disposing of the third-party complaint.

4. Appellees' motion for an assessment of damages for frivolous appeal is denied.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 9, 1989.

*Morris & Webster, F. Leonard Morris, Jr.*, for appellants.

*Thomas & McClain, Tom W. Thomas*, for appellees.