A09A2311. ZELBY v. WARNER, MAYOUE, BATES & NOLEN, P.C.
(690 SE2d 491)

DOYLE, Judge.
This case arises from a suit on account filed by the law firm of Warner, Mayoue, Bates & Nolen, P.C. ("the Firm") against David A. Zelby for services and expenses incurred during the Firm's representation of Zelby during a divorce action. The Firm filed a motion for summary judgment, and after a hearing on the motion, which Zelby failed to attend, the trial court granted the Firm's motion. Zelby appeals. For the reasons that follow, we affirm.

Zelby argues that the trial court erred in granting summary judgment to the Firm because the court failed to provide him sufficient notice of the hearing and denied him the ability to present evidence. We disagree.

On December 17, 2008, the Firm filed a motion for summary judgment in response to which Zelby filed a request for oral argument. The trial court entered an order on March 26, 2009, granting Zelby's request for oral argument; the order contained the date, time, and location for the hearing. The March 26 order also clearly shows that Zelby's attorney along with the Firm's attorney were sent copies of the order. Thus, the face of the record at the time of the summary judgment hearing indicates that the court provided Zelby notice of the hearing, and the trial court, therefore, did not err in granting the motion for summary judgment based on Zelby's failure to present evidence by the time of the hearing.[1]

While we note that Zelby filed a motion to set aside the judgment after filing his notice of appeal from the June 3, 2009 order granting summary judgment, any decision by the trial court as to that motion is not contained in the record and is not properly before this Court at this time.[2]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JANUARY 29, 2010.

*Michael R. Berlon*, for appellant.
*Warner, Mayoue, Bates & Nolen, Barry B. McGough, Steven K. Kirson*, for appellee.

---

[1] See *Murer v. Howard*, 165 Ga. App. 230, 230-231 (299 SE2d 151) (1983).

[2] See *Guthrie v. Wickes*, 295 Ga. App. 892, 893 (1) (673 SE2d 523) (2009) ("As a general rule, in civil actions other than injunctions, a trial court, upon the filing of a notice of appeal, loses jurisdiction to modify or enforce a judgment which is the subject of the appeal during the period of supersedeas."). See also *Rushin v. Ussery*, 298 Ga. App. 830, 837-838 (5) (681 SE2d 263) (2009) ("This court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it.") (punctuation omitted); *King v. Lusk*, 280 Ga. App. 40, 43-44 (633 SE2d 350) (2006) ("This court is a court for the correction of errors and [our] decision must be made on the record and not upon the briefs of counsel.") (punctuation omitted); *Sunn v. Trophy Marine, Inc.*, 176 Ga. App. 68, 68-69 (1) (334 SE2d 884) (1985) ("The Court of Appeals is a court for the correction of errors of law only, and has no jurisdiction to hear evidence aliunde the record or to decide disputed issues of fact.") (punctuation omitted).