### 30967. COWART v. COWART.

INGRAM, Justice.

This appeal is from a final judgment and decree entered in a divorce case and an order holding the husband in contempt for refusal to pay temporary alimony in arrears under previous orders of the court. We affirm the trial court's judgment.

Three enumerations of error are asserted in this appeal by the husband. First, it is contended the trial court erred "in holding the husband in contempt, during the trial of the case on the merits, on the court's own motion, and while the appellant was attempting to defend his cause." Secondly, it is urged the trial court erred in holding that the wife "is entitled to alimony as a matter of law." Finally, appellant insists the trial court erred "in summarily disapproving the transcript of evidence prepared by the appellant and not formally objected to by appellee, without the statutory ruling that the court was unable to recall what transpired."

In considering the first enumeration of error, we note that the trial court's contempt order states as follows: that the court, prior to the trial of the divorce case, having considered the previous petition of the wife to adjudge the husband in contempt for refusal to pay temporary alimony, heard from the parties and then found the husband in contempt of the court's previous orders to pay temporary alimony.

We take the above recitals in the trial judge's order to be a correct statement of the events which transpired in his courtroom. There is no agreed or approved transcript of the contempt hearing or the final divorce hearing and nothing in the record contradicts the recitals in the contempt order. Consequently, we are constrained to hold that appellant has failed to show any merit in this enumeration of error.

The second enumeration, that the trial court erred in holding the wife was entitled to alimony as a matter of law, appears to have merit as an abstract statement. However, when it is considered in the context of the trial court's findings of fact and other conclusions of law, the apparent error vanishes. There was a pre-trial order in this case, approved by the court and counsel for both parties. It provides the case would not be reported, that it would be tried before the court without a jury and that one of the issues of law to be decided was "whether or not the [wife] is entitled to alimony."

After hearing and considering evidence, the trial judge entered a final judgment and decree containing findings of fact and conclusions of law. The court found

that the husband "moved out of the house the parties were occupying as husband and wife without cause and left the [wife] with a number of debts incurred during the marriage for the support and maintenance of the husband." The court found that the wife had an income and that the husband was also employed and earned a sufficient sum to pay alimony and had no fixed liabilities which would prevent him from doing so. The court found that the wife was entitled to a divorce on the ground of cruel treatment and also found that the marriage was irretrievably broken, as both parties had contended in their pleadings.

The court held, after entering these findings of fact and conclusions of law, that the wife was entitled to alimony as a matter of law. We interpret this to mean that, under these facts and circumstances, the trial court determined this was a proper case in which alimony should be granted. "It is not the law . . . that in every case in which the wife is granted a total divorce, permanent alimony must also be awarded to her. Various other facts and circumstances may require consideration." *Brown v. Brown,* 230 Ga. 566, 568 (198 SE2d 182) (1973). It is the finding by the trial court of the other facts and circumstances in this case, which show this enumeration to be without merit.

The last enumeration of error relates to the trial judge's disapproval of the transcript prepared by appellant. Appellee's failure to file a "formal objection" in the trial court to the transcript prepared by appellant cannot be considered as the legal equivalent of an agreement that it is correct. The statute speaks of an "agreement of the parties thereto or their counsel" to be entered on the proposed transcript. No such agreement appears on the transcript prepared by appellant and it was specifically disapproved by the trial court. See *Savage v. Savage,* 234 Ga. 853 (218 SE2d 568) (1975). We just have no way of determining what actually took place in the trial court, and this can always be avoided by having the case reported when it is tried. See Code Ann. § 6-805 (g) as to the finality of the trial court's decision on the correctness of the transcript. We hold this last enumeration of error also lacks merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 26, 1976 — DECIDED APRIL 6, 1976.

*R. Jerome Shepherd,* for appellant.
*Tillman, Brice, McTier, Coleman & Talley, Wade H. Coleman,* for appellee.