### 54802. SEYMOUR et al. v. THE STATE.

McMURRAY, Judge.

The defendants herein were each separately charged with the offense of hunting on the lands of another without permission. The cases were tried by the court sitting without a jury, and the defendants were found guilty and sentenced to serve a sentence of 12 months on probation. The trial was not reported or transcribed. Defendants attempted to prepare a stipulation of evidence from recollection as authorized by Code § 6-805 (g) (Ga. L. 1965, pp. 18, 24). However, the state did not agree to the reconstruction of the evidence as prepared by the defendants.

After a hearing the trial judge entered an order stating that he was unable to recall what transpired at the trial of the case. The defendants have appealed enumerating error contending that they have been effectively denied due process of law under both the State and Federal Constitutions and more specifically their right to appeal a criminal conviction where both the state and the defendants attempted unsuccessfully to reconstruct the record through recollection and agreement and where

the trial court was unable to resolve the conflicts. *Held:*

No constitutional attack has been made upon Code Ann. § 6-805, supra, which is very voluminous with reference to how a transcript of the evidence and proceedings may be prepared. Nor do we find that the trial court ever ruled on the alleged constitutional attack as to the denial of due process of law in the preparation of the transcript as to the evidence and proceedings. Since this is a court alone for the correction of errors of law we cannot consider on appeal an alleged error which had not been urged before the trial court. See *Ridley v. State,* 141 Ga. App. 854 (234 SE2d 688); *Kingston v. State,* 127 Ga. App. 660, 661 (194 SE2d 675); *Kitchens v. State,* 228 Ga. 624 (1) (187 SE2d 268). Since the sole enumeration of error relates to no order or judgment in the trial court, the appeal presents nothing for our consideration.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED OCTOBER 31, 1977 — DECIDED NOVEMBER 17, 1977.

*Cletus W. Bergen, II, Joseph B. Bergen,* for appellants.

*Andrew J. Ryan, III, District Attorney, Hunter, Houlihan, MacLean, Exley, Dunn & Connerat, Ralph O. Bowden, III,* for appellee.