## 58115. THOMAS v. THE STATE.

SMITH, Judge.

Appellant was convicted of child abandonment, a misdemeanor. He appeals the conviction, asserting that "[e]rror was committed when Appellant was denied an adequate and effective means of Appellant [sic] review contrary to the provisions of Ga. Code § 6-805." Appellant, who makes no claim of indigency, argues he was effectively denied his right to an appeal because there is no transcript of his trial and there is no statement of the facts of the case based upon recollection. We affirm.

1. "In all misdemeanor cases, the trial judge may in his discretion require the reporting and transcribing of the evidence and proceedings on terms prescribed by him." Ga. L. 1965, pp. 18, 24 (Code Ann. § 6-805 (b)). However, "[i]n all cases, civil or criminal, any party may as a matter of right have the case reported at his own expense." Ga. L. 1965, pp. 18, 26 (Code Ann. § 6-805 (j)). The trial court was not obligated to have this case reported. *Gunter v. National City Bank*, 239 Ga. 496, 497 (238 SE2d 48) (1977). Nonetheless, appellant could have had the case reported at his own expense as a matter of right. Appellant decided not to have the case reported. He must now live with the consequences of his decision, including the possibility that a record of the trial could not be prepared by the alternative means provided in Ga. L. 1965, pp. 18, 26 (Code Ann. § 6-805 (g)). The appellate courts of this state are designed to correct errors of law committed in the lower courts. They are not designed to protect individuals from the obvious consequences of their own decisions.

2. Appellant did not attack the constitutionality of Code Ann. § 6-805 in the lower court. Appellant's constitutional attack must therefore be rejected. *Seymour v. State*, 144 Ga. App. 32 (240 SE2d 305) (1977).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED JULY 9, 1979 — DECIDED OCTOBER 1, 1979.

*Charles S. Thornton,* for appellant.
*Hinson McAuliffe, Solicitor, Charles Hadaway, Assistant Solicitor,* for appellee.