## 59703. PARKER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was charged by accusation with six counts of contributing to the delinquency of a child (a misdemeanor). Defendant is indigent and was represented both at the trial and before this court by the same appointed counsel. The jury returned a verdict of guilty on all six counts, and defendant appeals. *Held:*

1. Defendant contends that the trial court erred in failing to order the recording of the proceedings in the trial court even though there was no request that it do so. The opposing counsel has been unable to agree as to the substance of what transpired in the trial court, and the trial court has entered its order stating that it is unable to recall the testimony during the trial. See Code Ann. § 6-805 (Ga. L. 1965, pp. 18, 24). The statement of the testimony at trial submitted by defense counsel and approved by neither opposing counsel nor

the trial court may not be considered by this court. *Jenkins v. Jenkins,* 231 Ga. 371 (202 SE2d 52); *Seymour v. State,* 144 Ga. App. 32 (240 SE2d 305).

Due to the absence of a transcript of the evidence and proceedings or an alternative record provided under Code Ann. § 6-805, supra, defendant contends that his right to an effective appeal has been abridged. Any such result occurs, however, due to defendant's silence as he failed to make a request of the trial court that the evidence and proceedings be reported and transcribed. This is a court for the correction of errors of law. We cannot consider on appeal an alleged error which had not been urged before the trial court. As this enumeration of error relates to no ruling by the trial court it presents nothing for our consideration. See *Seymour v. State,* 144 Ga. App. 32, supra.

This ruling results in no discrimination against defendant due to his indigency. It is clear in Griffin v. Illinois, 351 U. S. 12 (76 SC 585, 100 LE 891), and Mayer v. City of Chicago, 404 U. S. 189 (92 SC 410, 30 LE2d 372), that an indigent defendant, on trial on a misdemeanor charge, may not be denied the adequate and effective appellate review accorded to a non-indigent defendant who has the money to pay the cost of reporting and transcribing of the evidence and proceedings. Even so, where the trial court, sua sponte, has not ordered such, the indigent defendant, on trial on a misdemeanor charge, must make a request or motion to the trial court that the evidence and proceedings be reported and transcribed. Should the indigent defendant make such request or motion and it is denied by the trial court or after such request or motion the trial court fails to order same, then, in such event, any contended error in the denial or failure to order the reporting and transcribing is preserved for appellate review. This the defendant in the case sub judice has not done, and any loss resulting therefrom arises from his silence and not from his economic circumstances.

2. Defendant's remaining enumerations of error involve questions of admissibility and sufficiency of evidence. In the absence of a transcript of the evidence and proceedings or alternative record as to what transpired in the trial of the case, the appeal presents no issue for consideration before this court. *Wynn v. State,* 147 Ga. App. 805 (1) (250 SE2d 530); *Walden v. State,* 127 Ga. App. 249 (193 SE2d 53).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED APRIL 15, 1980 — DECIDED MAY 19, 1980.

*James C. Wyatt,* for appellant.
*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellee.