## 59908. BURNS v. BARNES.

DEEN, Chief Judge.

1. Where no transcript is included in the record on appeal we must assume that the evidence was sufficient to support the judgment. *Drake v. Drake,* 231 Ga. 193, 195 (200 SE2d 719) (1973); *Craigmiles v. Craigmiles,* 237 Ga. 498 (228 SE2d 882) (1976); *Hilliard v. Hilliard,* 243 Ga. 424 (254 SE2d 372) (1979).

2. To comply with present statutory requirements the movant, where he fails to have filed a transcript of evidence, must comply with Code § 6-805 (g) either by producing the agreement of the parties that a transcript prepared from recollection is correct or, "in case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review." Where the appellant fails to bring up a transcript or otherwise meet his burden of affirmatively showing error by the record, the judgment below will not be disturbed. *Boswell v. Blease,* 150 Ga. App. 846 (259 SE2d 102) (1979). Where a proposed transcript prepared by the appellant is disapproved by the trial court, this is sufficient to bar it without the necessity of showing that the appellee formally objected to it. *Cowart v. Cowart,* 236 Ga. 626, 628 (225 SE2d 5) (1976). Where the evidence is not brought before this court by any of the methods provided in Code Ann. § 6-805 the judgment of the trial court on evidentiary matters cannot be reviewed. *Jenkins v. Jenkins,* 231 Ga. 371 (202 SE2d 52) (1973); *Nicholson v. Nicholson,* 231 Ga. 760 (204 SE2d 292) (1974).

3. The present case was tried before a jury and a money verdict for the plaintiff was made the judgment of court. The defendant then filed a motion for new trial on the general grounds and various special grounds, all of which required a brief of evidence for determination. He also submitted a purported brief of evidence in narrative form apparently prepared from recollection with a prayer for its approval by the trial court, but without any stipulation regarding it by opposing counsel. The court, after reviewing it, denied approval. As was stated in *Lee v. Southeastern Plumbing Supply,* 145 Ga. App. 465, 467 (244 SE2d 33) (1978): "If [the trial judge] did not recollect the testimony, no transcript could be obtained. If he did recollect it he undoubtedly applied his knowledge at the hearing on the motion for new trial. In either event, the record shows a failure to obtain a transcript by either agreement or through the recollection of the trial court." Here, however, to make assurance doubly sure, the court further certified that he was unable to recall what transpired during the trial. There is accordingly no question before this court for consideration.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

Argued May 6, 1980 — Decided June 9, 1980 —

*Wayne H. Fore,* for appellant.
*Ronald L. Hilley,* for appellee.