### 65793. WELCH v. MERCER et al.

DEEN, Presiding Judge.

Welch brings this appeal contending that the trial court erred in giving one of appellee's requested charges because the evidence did not support such a charge. No transcript is included as a part of the record on appeal. *Held:*

When appellant has not filed a transcript of the evidence, he is required under OCGA § 5-6-41 (g) (Code Ann. § 6-805) either to produce ". . . the agreement of the parties that a transcript prepared from recollection is correct or, 'in case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review.' Where the appellant fails to bring up a transcript or otherwise meet his burden of affirmatively showing error by the record, the judgment will not be disturbed. *Boswell v. Blease,* 150 Ga. App. 846 (259 SE2d 102) (1979).

Where a proposed transcript prepared by the appellant is disapproved by the trial court, this is sufficient to bar it without the necessity of showing that the appellee formally objected to it. *Cowart v. Cowart,* 236 Ga. 626, 628 (255 SE2d 5) (1976). Where the evidence is not brought before this court by any of the methods provided in [OCGA § 5-6-41 (Code Ann. § 6-805)] the judgment of the trial court on evidentiary matters cannot be reviewed. *Jenkins v. Jenkins,* 231 Ga. 371 (202 SE2d 52) (1973); *Nicholson v. Nicholson,* 231 Ga. 760 (204 SE2d 292) (1974)." *Burns v. Barnes,* 154 Ga. App. 802 (270 SE2d 57) (1980). As a transcript of the evidence is necessary to review an enumeration of error alleging that the evidence did not justify the giving of a charge, we must affirm.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 14, 1983.

*Ronald A. Cohen, R. Bruce Warren,* for appellant.
*William C. Sanders,* for appellees.