A90A0136. KING v. THE STATE.
(393 SE2d 709)

BEASLEY, Judge.

Defendant appeals his misdemeanor conviction of theft by taking of a necklace. OCGA § 16-8-2. During defendant's bench trial, the evidence was not recorded, precluding a transcript. Defendant did not request reporting, see OCGA § 5-6-41 (b), or otherwise arrange for recording, as could have been done. OCGA § 5-6-41 (j). Afterwards, the State and defendant were unable to agree on what transpired during trial. When defendant moved for a new trial, he also submitted to the trial court the resolution of that issue. OCGA § 5-6-41 (g) & (i). At a hearing approximately seven months after the trial, at which witnesses who were present at the trial testified as to their recollections,

and the only two witnesses at that trial (defendant and the victim) also gave their remembered versions of what they had said and what transpired. The trial court refused to certify either defendant's or the State's transcript version. It indicated that it could not recall sufficient detail to construct a transcript and ruled: "there shall be no transcript of evidence." It also heard argument on the motion for new trial, which was based on insufficiency of evidence and on the allegation that the bench had considered the defendant's criminal record in ascertaining guilt. The court found from its recollection and the testimony that the latter had not occurred and that the evidence had warranted conviction. The motion for new trial was denied.

Defendant enumerates as error the failure to certify a transcript; the denial of his request for sequestration of a witness at the hearing motion for new trial; the denial of that motion because the evidence was insufficient to sustain his conviction; and the refusal to permit him to demonstrate allegedly reversible error.

1. We may not consider a stipulated transcript or a stipulation of the case without the agreement of the parties, unless approved by the trial court. *Elliott v. Ga. Baptist Convention*, 165 Ga. App. 800, 801 (302 SE2d 714) (1983); *Welch v. Mercer*, 165 Ga. App. 776 (302 SE2d 629) (1983). Where the parties are unable to agree, the decision of the trial court is final and not subject to review. OCGA § 5-6-41 (g); *Welch*, supra. The trial court is not required to certify a transcript but may instead determine it is unable to recall what transpired. OCGA § 5-6-41 (g); *Parker v. State*, 154 Ga. App. 668 (1) (269 SE2d 518) (1980); *Taylor v. State*, 172 Ga. App. 827, 828 (4) (324 SE2d 788) (1984). Although the court did not expressly state that was its finding, what was said during the motion hearing plus the holding clearly showed it. Defendant's contention that his right to appeal has been abridged lacks substance. *Parker*, supra.

2. It has been held that an approved brief of evidence is essential to a motion for new trial raising evidentiary questions, and for review thereof. *McDowell v. State*, 102 Ga. App. 761 (117 SE2d 886) (1960); *Dean v. State*, 188 Ga. App. 128 (1) (372 SE2d 286) (1988). Defendant was afforded the next best thing to a transcript, i.e., the recollected testimony of all witnesses in the criminal trial plus the testimony of persons who observed it. What was recalled was sufficient for us to conclude that the denial of the defendant's motion was proper and must be affirmed.

3. The trial court's refusal to sequester a State's witness during the motion hearing does not affect the appeal's determinative issue. As to the alleged repression of defendant's attempts to demonstrate error, no objection was interposed. Thus, neither of the two remaining enumerations has merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 13, 1990.

*Jacquelyn F. Luther*, for appellant.
*James L. Webb, Solicitor, Helen A. Roan, Lee O'Brien, Assistant Solicitors*, for appellee.