A94A0411. EFFEL v. EFFEL.
(445 SE2d 373)

SMITH, Judge.

This case appears before us for the second time. K. Leland Effel is the surviving partner in M. Effel Company, which sold parts to watchmakers. The partnership had been in the watch supply business for 30 years, and during that time K. Leland Effel and her late husband, Morris, accumulated quantities of gold scrap. Morris's brother, Louis, agreed to take the gold to Texas to sell on Morris's behalf. It is undisputed that much of the gold disappeared and was never recovered. K. Leland Effel brought suit for the value of the missing gold scrap against Henry Fred Effel, executor of the estate of Louis Effel. The trial court began hearing the case without the intervention of a jury, but ordered a jury trial to determine the value of the missing gold scrap.

The jury returned a verdict for K. Leland Effel in the amount of $113,263.49. Henry Effel's motion for new trial was denied, and he appealed. Neither party requested that the trial of the case be transcribed, and the parties were unable to agree on a reconstructed transcript. In the first appearance of this case, *Effel v. Effel*, 207 Ga. App. 643 (428 SE2d 809) (1993), we remanded to the trial court for findings in lieu of a transcript under OCGA § 5-6-41 (g), (i).

The trial court entered a new order denying Henry Effel's motion for new trial and stating that K. Leland Effel's version of the reconstructed transcript was the more accurate. The trial court also found that K. Leland Effel was qualified and permitted to testify as an expert based on her 30 years in the gold and gold scrap business. She further testified as to the contents and quantity of the gold scrap which was to be loaded for transportation to Texas, and the trial court specifically found that there was no testimony offered disputing or contradicting her testimony.

1. Seven of Henry Effel's nine enumerations of error attack the jury verdict. He complains that the verdict was contrary to the evidence, against the weight of the evidence, excessive, the product of gross mistake or bias, and an attempt by the jury to award punitive damages. There is no evidence on the record to support these contentions.

K. Leland Effel testified that the gold scrap weighed over 800 pounds. She also testified to the quantity and customary valuation by weight of three different types of gold scrap, concluding that the total value was between $114,000 and $115,000. She also testified that the sum of $736.51 was remitted to her on demand by her attorney.

"This court has no power to disturb a verdict in a civil action on the ground that it is contrary to the weight of the evidence but is limited to consideration of whether there is any evidence at all to support the verdict. [Cits.] [Appellee] presented expert testimony as to the market value . . . which testimony supported the jury's verdict in this case." *Antique Center of Roswell v. City of Roswell*, 196 Ga. App. 894, 895 (3) (397 SE2d 146) (1990).

2. Henry Effel contends that a receipt signed by K. Leland Effel for gold scrap "to be melted and assayed and price to be determined, but not less than $10,000.00" shows that the value of the scrap gold was approximately $10,000, and therefore the verdict was excessive. We disagree. Where the language of a contract is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required or even permissible. *Crooks v. Crim*, 159 Ga. App. 745, 748 (285 SE2d 84) (1981). Giving the language of the receipt its plain and ordinary meaning, it explicitly states that the price of the gold scrap had not been determined and that $10,000 was a minimum amount rather than a stated value. This is consistent with the testimony of K. Leland Effel that the amount given on the receipt was not a statement of value. Nothing in the record as transmitted contradicts this testimony; Henry Effel did not present any testimony regarding the value of the gold.

3. Henry Effel complains that the trial court erred in its order ruling upon the reconstructed transcript. Where the parties are unable to agree on the accuracy of a reconstructed transcript, the decision of the trial judge is final and not subject to review. OCGA § 5-6-41 (g); *King v. State*, 195 Ga. App. 353 (1) (393 SE2d 709) (1990).

4. Finally, Henry Effel enumerates as error the qualification of K. Leland Effel as an expert in gold and gold scrap. However, as noted in Division 3 of this opinion, the decision of the trial court with regard to a reconstructed transcript is final, and the trial court specifically found that K. Leland Effel was qualified as an expert in this field. "It lies in the trial court's sound discretion to decide whether a witness has such learning or experience in a particular art, science, or profes-

sion to be treated as an expert, or to be deemed prima facie an expert; the exercise of this discretion will not be disturbed unless manifestly abused." (Citations and punctuation omitted.) *Smith v. State*, 210 Ga. App. 451, 452 (3) (436 SE2d 562) (1993). The evidence before us supports the trial court's determination, and we find no manifest abuse of discretion.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 23, 1994.

*Robert L. Littlefield, Jr.*, for appellant.

*Charles W. Wrinkle, Bates & Baum, Stanley M. Baum*, for appellee.