A02A1244. FRANK v. STATE OF GEORGIA.
(570 SE2d 613)

MIKELL, Judge.

Joyce K. Frank appeals the trial court's order granting the state's request for forfeiture of Frank's automobile. On March 29, 2001, Frank's son, Shawn Wesley Hagenbuch, was arrested for driving without a license, driving under the influence of alcohol, and leaving the scene of an accident. At the time of his arrest, Hagenbuch was driving Frank's 1996 Nissan 300ZX. He was a habitual violator

---

[7] OCGA § 15-18-66 (b) (10).

whose license had been revoked as a result of three violations of OCGA § 40-6-391, which prohibits driving under the influence of drugs or alcohol. The state seized the car and filed a complaint for forfeiture pursuant to OCGA § 40-6-391.2 (c). Following a hearing which was not transcribed, the trial court granted the forfeiture. Frank appeals, arguing that there was no evidence that she knew her son would drive her car, that the court erred in its construction of OCGA § 40-6-391.2, and that the court failed to consider whether the harshness of the forfeiture was proportional to the gravity of the offense. We affirm the trial court's judgment.

1. First, Frank contends that there was no evidence that she had reason to believe that her son would drive her car. OCGA § 40-6-391.2 (h) provides:

> The interest of an owner . . . shall not be subject to forfeiture unless the condemnor shows by a preponderance of evidence that such person knew or reasonably should have known that the operator was a habitual violator . . . and knew or reasonably should have known that such person would operate or was operating the vehicle while in violation of Code Section 40-6-391.

After hearing the evidence, the trial court found that Hagenbuch lived with Frank, and she knew her son was a habitual violator, yet Frank kept a second vehicle, the 1996 Nissan at issue, at her home. The court further noted in its order that the key chain on which the police found the Nissan key also held a bottle opener and a "roach clip" that did not belong to Frank, and that the 1996 Nissan contained several items, including a beer can, a rap compact disc, and a marijuana "disk," that Frank testified were not hers. Based on the evidence it heard at the hearing, the court concluded that Frank's vehicle was subject to forfeiture.

Significantly, there is no transcript of the hearing included in the record. "Where no transcript is included in the record on appeal we must assume that the evidence was sufficient to support the judgment." (Citations omitted.) *Burns v. Barnes*, 154 Ga. App. 802 (1) (270 SE2d 57) (1980). We cannot consider Frank's argument that the evidence presented did not support the judgment, when there is no transcript to review. "This court is a court for the correction of errors and its decision must be made on the record . . . and not upon the briefs of counsel." (Citations and punctuation omitted.) *Sheffield v. Zilis*, 170 Ga. App. 62, 65 (2) (316 SE2d 493) (1984). Frank has failed to meet her burden of showing error by the record; therefore, we will not disturb the order of the trial court. See *Welch v. Mercer*, 165 Ga. App. 776 (302 SE2d 629) (1983).

2. Next, Frank argues that the trial court erroneously construed OCGA § 40-6-391.2 (h) as a strict liability statute and gave her no opportunity to pursue an "innocent owner" defense. As noted above, we do not have the benefit of a transcript with which to review the evidence and argument the trial court considered in reaching its decision. However, our review of the trial court's order reveals that the court did consider whether Frank was an innocent owner. The court expressly stated that "Mrs. Frank did not give permission to Mr. Hagenbuch to drive nor did she know he was driving on this occasion." The court went on to conclude, based on the evidence, that Frank knew or reasonably should have known that Hagenbuch would operate the vehicle in question without her permission. Frank has failed to show error affirmatively by the record; therefore, we affirm. See *Welch*, supra.

3. Finally, Frank contends that the trial court erred in failing to consider whether the harshness of the forfeiture was proportionate to the gravity of the offense with which Hagenbuch was charged. Frank argues that forfeiture of her vehicle amounted to an unconstitutionally excessive fine. We disagree.

Frank relies on *Thorp v. State of Ga.*, 264 Ga. 712 (450 SE2d 416) (1994), for her argument that the court should have engaged in a three-part analysis of whether the forfeiture was an excessive fine. Significantly, *Thorp* involved an automobile that was forfeited in connection with a defendant's guilty plea to possession of cocaine. Id. The defendant's car was impounded, and police discovered cocaine, a set of scales, and several plastic bags in it. Id. In *Thorp*, the Supreme Court adopted the minimal guidelines set forth in *United States v. 6625 Zumirez Drive*, 845 FSupp. 725, 732 (C.D. Cal. 1994), for excessiveness inquiries. *Thorp*, supra at 717-718 (3). The Court held that in evaluating whether forfeiture is excessive, the trial court should consider: (1) "the inherent gravity of the offense compared with the harshness of the penalty"; (2) "whether the property was close enough to the offense to render it 'guilty' "; and (3) "whether the criminal activity involving the . . . property was extensive in terms of time and/or spatial use." (Punctuation omitted.) Id. at 717, citing *6625 Zumirez Drive*, supra. These factors have been consistently applied in forfeiture cases involving violations of the Georgia Controlled Substances Act. See, e.g., *Mitchell v. State of Ga.*, 236 Ga. App. 335-336 (1) (511 SE2d 880) (1999); *Evans v. State of Ga.*, 217 Ga. App. 646-647 (458 SE2d 859) (1995). However, our research does not reveal that this analysis has been extended to cases involving the forfeiture of a vehicle operated by a habitual violator under OCGA § 40-6-391.2.

As a preliminary matter, because there is no transcript of the hearing, we do not know whether Frank raised an issue regarding

excessiveness. It is well settled that "[w]e will not consider errors, even those of constitutional magnitude, unless they were raised and ruled on in the trial court." *Jones v. State of Ga.*, 249 Ga. App. 64, 67 (2) (547 SE2d 725) (2001). Further, because application of the three factors requires the trial court to make mixed findings of fact and law, we apply the clearly erroneous standard of review. *Mitchell*, supra at 336 (1). Again, we cannot determine whether the court's findings were clearly erroneous, because we have no transcript to review. As noted above, we must assume that the evidence supported the trial court's findings. See *Burns*, supra.

Finally, even if we apply the *Thorp* analysis to the few facts we know in this case, we conclude that the trial court's decision was correct. First, it is apparent from the court's order that it considered the harshness of the penalty but properly determined that forfeiture of the vehicle was expressly provided by the applicable statute, OCGA § 40-6-391.2. Second, the vehicle was the instrumentality used by Hagenbuch to commit the offense which led to the forfeiture and, therefore, was close enough to the offense to render it "guilty." Third, while it was not apparent how frequently Hagenbuch drove his mother's car, it was clear that he was driving it at the time of his arrest. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 23, 2002.

Thompson, Fox, Chandler, Homans & Hicks, *David A. Fox*, for appellant.

*Lydia J. Sartain*, District Attorney, *Lisa A. Jones*, Assistant District Attorney, for appellee.