## A11A0421. DAVIS v. CITIMORTGAGE, INC.
### (710 SE2d 577)

MCFADDEN, Judge.

LaShunda Davis appeals the grant of a writ of possession to CitiMortgage, Inc. Davis challenges CitiMortgage's title as well as its failure to file a notice of substitution of counsel. Because Davis cannot challenge CitiMortgage's title in this dispossessory proceed-

ing and because Davis has failed to file a transcript to support her claims regarding substitution of counsel, we affirm.

After Davis defaulted on her mortgage, CitiMortgage foreclosed on the property securing the note. It then filed this dispossessory action alleging that Davis was a tenant at sufferance and seeking possession. Davis moved to dismiss the dispossessory petition, but the trial court entered judgment in favor of CitiMortgage. Davis, who is proceeding pro se, filed this appeal.

1. First we observe that CitiMortgage has not filed an appellee's brief. See Court of Appeals Rule 23 (b). ("Appellee's brief *shall be filed* within 40 days after the appeal is docketed or 20 days after the filing of appellant's brief, whichever is later. Failure to timely file may result in non-consideration of the brief and may subject counsel to contempt.") (Emphasis supplied.) Instead, CitiMortgage has moved to dismiss the appeal on the ground that Davis has not filed a transcript of the dispossessory hearing or a suitable substitute. However, when, as here, a hearing was not recorded, the failure to file a transcript is not a ground for dismissing an appeal. See OCGA § 5-6-48 (f) (an appeal may be dismissed if an appellant causes a court reporter to fail to file the transcript of evidence and proceedings within the time allowed by law); see also OCGA § 5-6-48 (b) ("No appeal shall be dismissed . . . except: (1) For failure to file notice of appeal within the time required as provided in this article or within any extension of time granted hereunder; (2) Where the decision or judgment is not then appealable; or (3) Where the questions presented have become moot."). CitiMortgage's motion to dismiss the appeal is therefore denied.

2. Several of Davis's arguments are based on her contention that she had quitclaimed her interest in the property to Osayuki Newman Igbinovia before CitiMortgage filed its foreclosure deed. These arguments challenge the validity of CitiMortgage's title. But "[c]laimed defects in the landlord's title to premises cannot be raised as a defense to a proceeding for possession under OCGA § 44-7-50 et seq." (Citation and punctuation omitted.) *Sanders v. Daniel*, 302 Ga. App. 350, 351 (1) (691 SE2d 244) (2010).

3. Davis argues that the trial court erred by allowing attorney Robert Shurtz to appear on behalf of CitiMortgage at the dispossessory hearing when the dispossessory petition was filed by attorney Daniel Barbagelata, and neither attorney filed a notice of substitution of counsel. We cannot review this argument because of Davis's failure to include in the record a hearing transcript or a statutorily-authorized substitute. In her response to CitiMortgage's motion to dismiss the appeal, Davis asserts that she has provided a narrative of the hearing. But because her statement of the testimony was approved by neither opposing counsel nor the trial court, we cannot

consider it. *Parker v. State*, 154 Ga. App. 668-669 (1) (269 SE2d 518) (1980).

Absent a transcript or substitute, we cannot determine what occurred in the trial court.

> When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession. As the appellant[, Davis] had the burden to affirmatively show error by the record. This [she] failed to do. Therefore, we must presume the trial court's judgment granting [Citi-Mortgage] a writ of possession is correct.

(Citation and punctuation omitted.) *Owens v. Green Tree Servicing*, 300 Ga. App. 22, 24 (1) (684 SE2d 99) (2009).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED APRIL 7, 2011 —
RECONSIDERATION DENIED APRIL 21, 2011 — 

LaShunda Davis, *pro se.*
*McCurdy & Candler, Daniel K. Barbagelata*, for appellee.

