## A11A1702. DAVIS v. CITIMORTGAGE, INC.
### (718 SE2d 95)

MCFADDEN, Judge.

LaShunda Davis appeals the grant of a writ of possession to CitiMortgage, Inc. We affirm because Davis's claims are barred by the resolution of her prior appeals in the matter.

After Davis defaulted on her mortgage, CitiMortgage foreclosed on the property securing the note. It filed a dispossessory action alleging that Davis was a tenant at sufferance and seeking possession. In *Davis v. CitiMortgage*, 309 Ga. App. 385 (710 SE2d 577) (2011), we affirmed the grant of a writ of possession to CitiMortgage.

After Davis filed her first notice of appeal, but before we ruled, CitiMortgage filed a motion to compel Davis to pay rent into the

court registry pending her appeal. In an unpublished opinion, *Davis v. CitiMortgage*, 310 Ga. App. XXIII (Case No. A11A1359, decided June 30, 2011), we dismissed Davis's appeal from the trial court's order requiring her to pay rent into the registry of the court. We held that Davis's notice of appeal was untimely and that the issue was moot, given that we had affirmed the grant of the writ of possession.

In the meantime, when Davis failed to pay rent into the registry of the court, the trial court entered the order granting a writ of possession that Davis now appeals. Although the record does not reflect that the court conducted a hearing before granting the writ of possession at issue, Davis argues that, because he did not file a notice of appearance, the trial court erred in allowing attorney Robert Shurtz to represent CitiMortgage at the hearing on the motion to compel payment of rent into court. She raised claims challenging Shurtz's representation of CitiMortgage in both of her earlier appeals. She also argues that the trial court should have dismissed CitiMortgage's motion to compel payment of rent as untimely or waived, a claim she also raised in Case No. A11A1359.

To the extent that Davis challenges the order compelling payment of rent into court and the proceedings related to that order, her claims are barred. Because Davis failed to file a timely appeal of the order compelling payment of rent into the court registry, as we held in our order dismissing Case No. A11A1359, the order compelling payment of rent into court is res judicata. See *Lewis v. Carscallen*, 274 Ga. App. 711, 713 (1) (618 SE2d 618) (2005). Consequently, any portion of this appeal challenging the trial court's order compelling payment into the court registry fails. Similarly, to the extent Davis challenges the proceedings related to the original grant of a writ of possession to CitiMortgage, the issues are barred by res judicata since we previously affirmed the writ of possession. *Davis*, 309 Ga. App. 385.

Davis asserts no errors relating directly to the writ of possession from which she filed a notice of appeal. We therefore affirm the judgment of the trial court. Moreover, we find no reasonable basis on which Davis could have anticipated reversal of the trial court's judgment. We observe that her brief in this case is identical to the brief she filed in Case No. A11A1359. Although we have exercised our discretion not to subject Davis to a frivolous appeal penalty pursuant to Rule 15 (b) of this court, we warn her that she may be subject to such penalty should she file a similarly frivolous appeal in this case in the future. See *Leone v. Green Tree Servicing*, 311 Ga. App. 702, 706 (6) (716 SE2d 720) (2011).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 26, 2011.

LaShunda Davis, *pro se.*
*McCurdy & Candler, Sidney A. Gelernter*, for appellee.