# Court of Appeals
# of the State of Georgia

ATLANTA,___August 19, 2016___

*The Court of Appeals hereby passes the following order:*

**A16A1945. KAPPELMEIER v. THE STATE.**

On September 21, 2015, Gottfried Kappelmeir filed a notice of appeal from an order of the State Court of Gwinnett County, which entered a judgment of conviction on the appellant's nolo contendere plea to violating OCGA § 40-6-48 (1), making an unsafe lane change, and which imposed a sentence of ten hours of community service. In his notice of appeal, the appellant stated that the appellate record (as designated in the attached "Exhibit "A"") should include a list of specific pleadings and documents. "Exhibit A" expressly states that the record, however, included "no transcripts." The appeal was docketed in this Court on June 20, 2016, and the clerk submitted the record to this court electronically. The record index again noted that the appellate record included "no transcripts."

After the appellant failed to timely file his appellate brief and enumeration of errors as required by Court of Appeals Rules 22 (a) and 23 (a), this Court ordered the appellant to file those pleadings by July 25, 2016, or this Court would dismiss the appeal instanter. The appellant untimely filed his brief on July 28, 2016. The untimely brief contained no allegation of legal error with respect to the judgment of conviction; rather, it complained only that "the lower court failed to file a case specific transcript[.]"[1] Further, the brief does not comply with Court of Appeals Rule 25 as to

---

[1] It is unclear from the record before us whether the appellant's plea hearing was transcribed. In misdemeanor cases, transcription of proceedings is discretionary. OCGA § 5-6-41 (b). "[W]here the trial court, sua sponte, has not ordered [transcription], the indigent defendant, on trial on a misdemeanor charge, must make a request or motion to the trial court that the evidence and proceedings be reported

both form and content.

On August 10, 2016, the appellant filed a "motion to supplement." The appellant, citing OCGA § 9-11-15, asserted that "the right to amend is very broad." It is unclear from the motion, however, what the appellant sought to amend (e.g., his brief or the record). It is equally unclear what the appellant wished to add to the appellate record or to his untimely brief. He provides no citation to the record below, he makes no legal argument that would be relevant to the judgment appealed, and he cites to no pertinent legal authority.

On August 12, 2016, the State filed a motion to dismiss the appeal, citing the appellant's failure to comply with this Court's order. Although this Court is reluctant to dismiss for procedural irregularities an appellant's first appeal of right in a criminal case, the appellant is no ordinary pro se appellant nor is he a stranger to this Court. He has filed more than 20 actions in this Court, many of which lacked merit and were summarily dismissed. . The appellant has been advised of this Court's power to impose sanctions upon a party who fails to comply with the rules or orders of this Court or who files frivolous appeals. In fact, this Court imposed a $250 penalty against the appellant in 2013 for filing a frivolous application for discretionary appeal. Given that the appellant has failed to comply with the Court's order to timely file a proper appellate brief and enumeration of errors, the instant appeal is hereby ordered DISMISSED. The appellant's motion to supplement is denied as moot.

---

and transcribed." *Parker v. State*, 154 Ga. App. 668, 669 (1) (269 SE2d 518) (1980). The appellant has not argued that he requested transcription of his plea proceedings. The record before us only shows that "no transcripts" would be included in the appellate record.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*_____08/19/2016_____
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*